J. C. SEWARD, *as Treasurer of Rice County, Kansas, et al.*, v. EDWARD RHEINER.

NO. 40.

1. FINDINGS BY COURT — *Exceptions — Right of Party.* It is a right that either party to a suit has, when the case is tried by the court without a jury, upon request, to have all or any of the issuable facts involved in the pleadings, and upon which there is any evidence, found separately from the conclusions of law based thereon, so that he may have his exceptions to the separate findings and conclusions.

2. —————— *When Erroneous.* Findings of fact made by the court cannot overcome a fact agreed to by the parties. Upon the trial of a case, the court is bound by the facts as agreed to by the parties ; and if the finding of a fact ignores the facts as agreed to, it is erroneous.

3. SCHOOL TAX — *Reduction of Levy — Validity.* The inhabitants qualified to vote at an annual school-district meeting, lawfully assembled, have power to vote a tax not exceeding 2 per cent. on the taxable property in the district, as the meeting shall deem sufficient for the various school purposes; and, when so voted, it is the duty of the district clerk to certify the same to the county clerk of the county on or before the 25th day of August; and, when so certified, it is the duty of the county clerk to place the taxes so voted against all the property of the school district. And the board of county commissioners has no authority to reduce the levy made by the school district, and an order of the board of county commissioners reducing the levy is void; and where the county clerk, under the order of the board of county commissioners, enters the tax against the property at a less per cent. than that levied by the vote of the inhabitants of the school district, it

does not render the taxes void, and does not relieve property of the district from liability to any school tax whatever.

4. CITY — *Extension of Limits* — *Taxation* — *Estoppel.* Where territory adjacent to a city of the third class is subdivided into lots or parcels of five acres or less, the city council of such city has power to add such territory to the city by ordinance, and when such territory has been added to the city by ordinance the same becomes liable to taxation for city purposes; and where the city limits have been extended by ordinance so as to include platted grounds, and the owners and residents in such territory, with full knowledge of the proceedings had in extending the limits, acquiesce therein, and vote at elections for city officers thereafter, and vote to issue bonds of the city for city improvements, and sign petitions for bond elections, and bonds are issued by the city upon the adoption of the proposition voted upon, and improvements are made in the added territory by the city, the resident property holders of such added territory are estopped from denying the liability of the property in such territory to taxation for city purposes.

5. ——— *Finality of Ordinance* — *Valid Sidewalk Tax.* Cities of the third class have power to open and improve streets, avenues, and alleys, and make sidewalks, build bridges, culverts and sewers within the city, and make assessments on all lots or pieces of ground abutting on the sidewalk, according to the front foot thereof, to pay for building the same. And where the mayor and council have determined by ordinance that a sidewalk is necessary, and, by ordinance, provide for the removal of old walks and the building of new ones, designating the material and providing the dimensions of the walk, their determination is final; and, where the walk is afterward built according to the provisions of such ordinance, the abutting lots are chargeable with the cost of building the same.

6. ——— *Injunction.* A court of equity will not interfere by injunction to prevent the collection of taxes on the ground that the assessment and levy thereof are irregular or invalid, unless in cases where the property was exempt from taxation, or the taxes were levied by persons not authorized to make the same.

MEMORANDUM.— Error from Rice district court; JOHN N. IVES, judge *pro tem.* Action to enjoin the collection of certain taxes, brought by Edward Rheiner against J. C. Seward, as treasurer of Rice county, Kansas, and others. Judgment for plaintiff. Defend-

ants bring the case to this court.  Reversed.  The opinion herein was filed January 17, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows :

This suit was originally commenced by Edward Rheiner in the district court of Rice county, Kansas, to enjoin the treasurer and county clerk of said county, and the city of Lyons and school district No. 69 of Rice county, Kansas, from collecting certain taxes assessed and levied on certain property belonging to him.   Part of the property charged with the tax sought to be enjoined was situated in the original city of Lyons, part in Workman's addition, part in White's addition, and portions in the addition known as Purdyville.   The separate lots or parcels of land were charged separately with the different kinds of taxes levied thereon.   The particular taxes sought to be enjoined were the taxes levied for city purposes and to pay interest on city bonds, sidewalk taxes, and school-district taxes, and the penalties charged upon these different taxes.   Some of these taxes are alleged to be illegal for one reason, and others for different reasons. A temporary restraining order was granted by the judge of the district court, at chambers, and after the issues were joined the case was tried before the court, by a judge *pro tem.*, without a jury.   The principal facts in the case were agreed to between the parties, and the facts agreed to were reduced to writing and signed by the attorneys for each party.   At the conclusion of the evidence the defendants below submitted in writing a request to the court to find the facts and conclusions of law separately, so that they could except to the separate findings of fact and conclusions of law.   The written request set out 31 questions

upon which the court was asked to find the facts. The court took the whole matter under advisement for several weeks, and afterward found certain facts, and made its conclusions of law based upon the facts as found, and rendered judgment enjoining the defendants from the collection of the taxes complained of, and refused to find on the most of the questions submitted. To the refusal to find the facts as requested defendants below duly excepted, made a case, and filed the same in the supreme court for review, which was duly certified to this court by order of the supreme court.

*Samuel Jones*, and *J. W. Brinckerhoff*, for plaintiffs in error.

No appearance for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : Edward Rheiner commenced a suit in the district court of Rice county, Kansas, to enjoin the treasurer and county clerk of said county, and the city of Lyons and school district No. 69 of Rice county, Kansas, from collecting certain taxes assessed and levied on certain property of his. Part of the property charged with the taxes sought to be enjoined was situated in the original city of Lyons, part in Workman's addition, part in White' addition, and a part in Purdy's addition, commonly known as Purdyville. The separate lots or parcels of land are charged separately with the several different kinds of taxes thereon. The particular taxes sought to be enjoined consist of city of Lyons general and interest taxes, sidewalk assessments, and school-district taxes, and the penalties on all of these different taxes. Some of these taxes are alleged to be illegal for one reason, and others for different reasons.

On the filing of the petition, duly verified, the judge of the district court, at chambers, granted a temporary restraining order. The action was afterward tried before the court without a jury, John N. Ives presiding as judge *pro tem.*, and the collection of taxes complained of enjoined. The court was requested in writing to made special findings of fact on the issuable facts involved in the case and its conclusions of law separately. The court made findings of fact on part of the questions submitted, and refused to find the facts on other propositions submitted. The defendants below duly excepted to the refusal of the court to find the facts on certain issuable questions. The court overruled the objections of the defendants below, and entered up a judgment on such of the findings as it made and its conclusions therefrom ; and the defendants below filed their motion for a new trial, which was overruled, and defendants duly excepted thereto, and made a case for the supreme court, which was duly settled and signed, and plaintiffs in error filed their petition in error with the case-made attached in the supreme court, which was duly certified to this court for review. On the conclusion of the evidence, the defendants below submitted in writing 31 questions of fact to the court, and requested findings thereon. The court took the whole case under advisement for several weeks, and afterward made what are designated as findings of fact, by the court, to part of the questions submitted, and refused to find on any of the other questions requested, and assigned as a reason for not finding on the other propositions that the findings as already made, in the opinion of the court, contained all the facts involved in the issues. The court declined to make findings submitted by the defendants' attorney, except as included in the find-

ings as made by the court. The refusal of the court to find the facts as submitted by the defendants below is the first error complained of in this court.

Section 290 of the code of civil procedure reads :

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state, in writing, the conclusions of fact found, separately from the conclusions of law."

It is a right that either party to a suit has, where the case is tried by the court without a jury, upon request, to have all or any of the issuable facts involved in the pleadings, and upon which there is any evidence, found separately from the conclusions of law based thereon, so that he may have his exceptions to the findings and conclusions; and a refusal of the court, upon a request made to find all facts submitted which are material, is error, and the facts should be found separately from the conclusions of law, so that the reviewing court may determine whether the judgment based on the facts as found is erroneous or not. It is shown in the evidence that Purdyville, which is now claimed to be a part of the city of Lyons, was originally surveyed, platted, and the plat thereof recorded in the office of the register of deeds of Rice county, as a town, with streets, alleys, public grounds, and divided into lots and blocks. It was claimed that the town was afterward vacated and all the property reverted to the original proprietors; and that the separate parcels or lots of land were thereby again united into one solid body of land and the title all reinvested in the owners of the lots and blocks; and that the attempt of the city of Lyons and the board

of county commissioners of Rice county to extend the limits of said city so as to include this territory was unauthorized and void, for the reason that it included more land in the area belonging to one person than could be taken in by ordinance, without the consent of the owner. The regularity of these proceedings and the legality of the action of the officers in their attempt to make Purdyville a part of the city of Lyons were facts ; and if the necessary facts existed, and the officers followed the law in their effort to extend the limits of the city, and they were authorized to extend the boundaries of the city and take in this territory, then it became a part of the city and was subject to taxation for city purposes. The findings made by the court in the fourth finding are mixed findings of fact and conclusions of law. The court does not find the fact upon which it bases the following conclusion :

"That blocks 4 and 5 constitute one body of land, and contain about six acres of land, with a vacated street between these two blocks ; that vacated street and other lands owned by the plaintiff contained 10½ acres, and, for the purpose of this case, there are no streets, alleys or public grounds contained within or upon said 10½ acres."

This statement is a mere conclusion without the facts, and the whole finding is so indefinite that it is hard to understand from the so-called finding what the court really did find as a fact, and is not a compliance with the requirements of the law, and is prejudicial to the rights of the defendants below.

The defendants, in their written request, ask the court, in propositions Nos. 22 to 29, both inclusive, to find the facts in relation to the plaintiff's residence on blocks 4 and 5 in Purdyville ; whether he voted in the city of Lyons after the passage of the ordinance

by the city council attempting to take him into the corporate limits; at what election he voted; whether he voted at bond elections in the city; what petitions he signed to the city council, representing that he was a citizen and resident of the city; whether he objected to being taken into the city limits, and was taken in without his consent; what petition he signed representing that he was a citizen, resident and taxpayer of the city of Lyons; how much of plaintiff's land was in blocks, when the same was originally platted, in blocks 4 and 5; how much land there was in the streets vacated, or attempted to be vacated, by the county commissioners; how much land there was in the unplatted portion of plaintiff's ground which the county commissioners ordered to be incorporated as a part of the city of Lyons; whether plaintiff had notice by publication of the application to the county commissioners to take his unplatted lands and make the same a part of the corporate property of the city of Lyons, and whether he made any objection to being taken in by the order of the board of county commissioners; to set forth fully all the steps taken before the county commissioners to take into the corporate limits the lands of the plaintiff; if it be found that the plaintiff's land on which he resides, being blocks 4 and 5 of Purdyville, as originally platted, was vacated and ceased to be platted grounds, then to set forth fully when and how the same was vacated.

These facts were all material under the issues in the case, and the court should have found substantially these facts. It was not necessary that the court should have answered all of these questions in the form presented in the request, but it should have found the substance of the propositions submitted, as the plaintiff was seeking to avoid the payment of all taxes for

city purposes on the property in the original town of Purdyville, claiming that the order of the county commissioners and the ordinance extending the limits of the city of Lyons were unauthorized and void. All the facts in relation to the platting, recording, and attempts to vacate the streets, alleys, and public grounds, and the proceedings of the board of county commissioners in such attempt, and the order of the board of county commissioners extending the limits of the city to include the unplatted ground, the city ordinance extending the limits of the city so as to include the platted ground, the manner of its passage, its publication and all the facts in relation to the proceedings were in evidence before the court, and the court should have found the facts in relation to these matters, and then made the proper conclusions of law based upon the facts as it found them to be. The court nowhere finds any of these facts, and it was prejudicial error. ( *Briggs v. Eggan,* 17 Kan. 589.)

There were various other questions submitted to the court with request to find upon them, and which were involved in the issues and were material facts, and the evidence and agreed statement of facts were directed to them, but the court refused to find upon them, all of which are unnecessary to be stated herein, as the judgment must be reversed. There are other errors complained of that are of more importance that require the consideration of this court, which are decisive of the whole case, and which we will consider in the order discussed in brief of counsel.

Upon the trial of the case, certain facts were agreed to between the parties, stated in writing, and constitute a part of the record before this court; but the court seems to have entirely ignored the facts as agreed to by the written stipulation of the parties,

and to have found facts directly contrary to the agreed facts. The following facts were agreed to by the written stipulation between the parties in relation to the levy of the tax for school district No. 69 :

"18. At the annual meeting of school district No. 69, which was held on the 28th day of June, 1888, it was by the legal voters at said school-district meeting voted and ordered, 'that a tax of 10 mills for teachers' wages and 10 mills for incidentals be levied for the ensuing year,' which action of said school-district meeting was duly certified to the county clerk, to be placed upon the tax-rolls against the property of and in said school district. And afterward, and on August 6, 1888, proceedings were had before and by the county commissioners of said Rice county, as appears upon the journal of proceedings of the said board, at page 243 (a true copy of which is marked 'Exhibit F' and attached to plaintiff's petition), and as per said proceedings of said board of county commissioners, the tax levy against said school district was made as appears in said 'Exhibit F,' and it was carried upon the tax-rolls of said county, and against the property in said school district, according to the said action of said board of county commissioners, and in no other manner and by no other authority.

"19. That after the levy of said tax by said school meeting, there were oral complaints among many of the voters, citizens and taxpayers in the said city of Lyons and school district No. 69 as to said levy being excessive and higher than was needed to carry on the school in said district, which complaints were made to the said school board; that after said complaints were made, and after the said taxes so levied at said school meeting and certified to the county clerk of said Rice county, one Abe Young, the president of said school board, with the consent of the other members of the school board, and in company with 10 or 12 of the electors of said district, went before the said board of county commissioners, and made complaint and showing that said levy was excessive and more than was needed to carry on the school in said dis-

trict, and asked that the same be reduced to the amount as shown in the action and resolution of the said commissioners attached to plaintiff's petition as ' Exhibit F' ; and that thereupon the said county commissioners made the said order as set forth in said exhibit ; that there were in said school district at said time about 800 voters.

" 20. That the amount of the taxable property of school district No. 69, as per its assessed valuation for the year 1888, amounted to $788,987.14, on which 2 per cent. was levied by the school meeting held June 28, 1888 ; that it cost to carry on and run the school in district No. 69, teachers' wages and incidental expenses inclusive, for the school year beginning September, 1888, and ending 1889, the sum of $8,875.02, and no more."

Notwithstanding these facts, the court says, in its finding No. 6 :

" 6. The court finds further, that the item of school tax, to wit, 13½ mills, extended against all the property described in plaintiff's petition in school district No. 69, was not levied by any person, board or officers legally authorized to levy the same, and was extended upon the tax-roll of the county of Rice without any legal authority whatever, and is void in law."

The agreed facts are, that at the annual meeting of the school district, held at the proper time and conducted as required by law, the school district voted a tax of 20 mills upon the taxable property of said district, and that the levy so made was properly certified to the county clerk to be extended upon the tax-roll for that year ; and that, upon the application of certain inhabitants of the school district and of the school board, this levy was reduced by the county commissioners to 12 mills, and the tax charged up in district No. 69 was 13½ mills. It is claimed in the petition of the plaintiff below that only 12 mills of this levy were

illegal. It is conceded that 1½ mills were legal tax. We assume that the 1½ mills were for interest due on district school bonds, and was levied by the board of county commissioners at their meeting as required by law.

Paragraph 5761 of General Statutes of 1889 reads:

"It shall be the duty of the board of county commissioners of each county to levy annually upon all the taxable property in each district in such county a tax sufficient to pay the interest accruing upon any bond issued by such district, and to provide a sinking fund for the final redemption of the bonds, such levy to be made with the annual levy of the county. . . ."

The so-called finding No. 6 is in direct conflict with this statute. As to the 1½ mills, finding No. 6 says: "The court finds that the item of 13½ mills for school tax was not levied by authority of law." The petition contains no complaint except as to 12 mills of such tax. It did not ask to have the 13½ mills enjoined, but only 12 mills of that sum, which was levied by the school district, and reduced by the order of the board of county commissioners. The finding of a fact by the court cannot overcome an agreed fact. Upon the trial of a case, the court, in its findings of fact, is bound by the facts as agreed on. But the court finds the whole school tax charged void, and renders a judgment and decree enjoining the officers from collecting any school tax whatever. It is admitted that all of the plaintiff's property is situated in school district No. 69, and, by the findings of fact and the conclusions of the court, he is relieved from the payment of any school tax whatever, either to carry on the school or pay any expense of the school district. The agreed facts show that the annual district school meeting for 1888 legally voted and levied

a tax of 20 mills on all the taxable property in the school district; that the levy was properly certified to the county clerk, to be extended upon the tax-rolls against the property of each taxpayer in the district; that, at the request of certain persons of the school board and taxpayers of the district, the board of county commissioners reduced this levy to 12 mills, by the following order :

"The matter of tax levy of school district No. 69 was presented by Abe Young, director, and several other resident taxpayers in said district, setting forth that the tax levy made at the annual meeting of said district held June 28, 1888, was too high, it being voted without reference to the valuation of said district — said meeting voted and levied 20 mills — and asking the board of county commissioners to reduce said levy to 12 mills, to be levied as follows : For building and fuel, 4 mills ; teachers' wages, 8 mills. After considering the matter, and being of the opinion that the reduction asked for would raise a sufficient fund to run said district school, the same was hereby granted, as above asked for.

JOHN HOWARD, *Chairman.*"

The board of county commissioners did not make the levy for school-district purposes, but merely reduced the levy made by the district itself through the duly-qualified electors thereof. It is true the board of county commissioners has no authority to levy taxes for school-district purposes, and has no authority to reduce the amount levied by the qualified electors. This order of the board was void, and the county clerk was not authorized to reduce the levy certified to him by the district clerk; but the reducing of the per cent. of the levy for school purposes was not a matter of which the plaintiff below could complain. It was to his interest. It reduced his district-school taxes almost one-half. This would not relieve

him, in equity, from the payment of all taxes for school purposes. It is well settled that equity will not interfere to prevent the collection of taxes on the ground that the assessment levied thereon is irregular or invalid, unless they are clearly inequitable and the enforcement thereof would be against conscience (*K. P. Rly. Co. v. Russell*, 8 Kan. 558; *Parker v. Challiss*, 9 id. 155; *Smith v. Comm'rs of Leavenworth Co.*, 9 id. 296; *Adams v. Beman*, 10 id. 37; *Ryan v. Comm'rs of Leavenworth Co.*, 30 id. 185; *Dutton v. National Bank*, 53 id. 440; High, Inj. § 485; *Railway Co. v. Fray*, 22 Ill. 34.) In the case of *Life Association v. Hill*, 51 Kan. 644, the supreme court says:

"It is well settled in this state that injunction cannot be maintained to restrain the collection of taxes, which the plaintiff justly ought to pay, because of error or irregularity in the proceedings of the taxing officers."

In the case of *Munson v. Miller*, 66 Ill. 383, the supreme court of Illinois says:

"It is only in rare cases that the courts will enjoin a tax. This court has repeatedly said they will not, unless the property is exempt from taxation, or where a tax is levied which is not authorized by law and in the absence of all legal power, or where the persons imposing it have no power conferred upon them by law to levy such a tax. But where the property is liable to the burden under the law, and the law has authorized the tax to be imposed, and it is levied by persons or officers designated by the law to levy such tax, equity will not interfere, but will leave parties to their legal remedies."

There can be no question but that all the property covered by the assessment and levy of taxes in this case was subject to taxation for school-district purposes in school district No. 69 for the year 1888.

There is no question made on the assessment of this property for taxation for said year, and the agreed facts show that the levy was legally made in the first instance by the qualified voters of said district, as provided in section 28 of chapter 94, General Statutes of 1889. It is not claimed that the levy made by the voters of the school district at their annual meeting was not legal, nor that the qualified voters did not possess the authority to vote the tax they did, nor that such levy was void or invalid for any reason ; but the complaint is that the per cent. levied .by the school district was not charged up against the property, but was reduced by a power unauthorized, and hence the whole school tax became void, and that it would be inequitable to require the plaintiff below to pay 12 mills when he ought to pay 20 mills on the assessed value of his property as levied by the district. The plaintiff below, not having offered to pay any portion of school-district tax, was not entitled to relief as against the tax charged against his property, and his suit should have been dismissed for want of equity.

The plaintiff below complains of certain sidewalk taxes that had been assessed against his lots for the cost of building such walks. The sidewalks were all built along in front of lots owned by plaintiff below, and the cost of building the walks along such lots was paid by the city of Lyons and charged up as a tax against such lots. The lots of the plaintiff below which are charged with the sidewalk tax are each situated within the corporate limits of the city of Lyons, and the lots are each located along a public street where walks are required for the safety and convenience of the travelers on the public streets of said city, and were all built under the provisions of city ordinances providing for the construction of sidewalks,

and each of said ordinances was legally passed and published, as shown by the agreed statement of facts. The plaintiff below had knowledge of the building of each of said sidewalks at the time they were severally commenced, and made no objection to the construction of the same; but the court made the following findings, and designated them as findings of fact:

" 9. The court further finds, that ordinance No. 99, a copy of which is attached to plaintiff's petition as 'Exhibit H,' is void: First, because it attempts to confer legislative power on the city marshal; and second, because of uncertainty in the description of the amount of sidewalk required to be built by its terms.

" 10. The court further finds, that ordinance No. 102, a copy of which is attached to plaintiff's petition, is void because it attempts to confer legislative power upon the city marshal."

" 8. The court further finds, that at the time of building the sidewalk in front of lots 6 and 7, in block 5, in the city of Lyons, there was in front of said lots a good and sufficient plank sidewalk, built in accordance with ordinance No. 23 of said city of Lyons, which had never been condemned by the city authorities, and that the order requiring the building of said sidewalks was unnecessary, and without authority, and void."

The court says that ordinances 99 and 102 are void because they attempt to confer legislative power on the city marshal. The ordinances provide for the construction of sidewalks along the side of certain streets, designating the streets, giving the point of beginning and the termination, the dimensions, the material to be used, and then provide that the building of the walks shall be under the supervision of the city marshal, and that he shall direct the grade upon which the walks shall be constructed. There is nothing in the ordinances that can be construed into legislative power in the city marshal. He is simply to

carry into effect the provisions of the city ordinances by superintending the construction of the walks, the leveling up of the grounds so that the top of the walks will be smooth and correspond to the street crossing, to make the walk conform to a uniform grade.

"The court further finds, that at the time of the building of said walk in front of lots 6 and 7, in block 5, in the city of Lyons, there was in front of said lots a good and sufficient plank sidewalk, built in accordance with ordinance No. 23 of said city of Lyons, which had never been condemned by the city authorities, and that the order requiring the building of said walk was unnecessary, and without authority, and void."

The old walk was required to be removed, and a stone walk to be put in, by the provisions of ordinance No. 134, which provides for the removal of the old walk, and that there should be built a flagstone walk 12 feet in width, and not less than 3 inches in thickness, evenly and smoothly laid in sand, the inside of said walk to begin at lot line in each of the blocks, and provides for a suitable curbing to be placed at the outer edge of the walk, and describes particularly how the curbstone shall be set. Section 3 of the ordinance requires the removal of the old sidewalks, and the building of new ones, in accordance with the terms of the ordinance, before the first of January, 1888, or the same will be done by the city marshal of the city and the expense thereof be taxed against the lots and collected as other taxes.

As against the findings made by the court are the following facts that were agreed to in writing and signed by the attorneys for each of the parties, and were stipulated to be the facts on the trial of the case:

"24. That the ordinances mentioned in plaintiff's petition were published at the time mentioned in said ordinances; that said walks were built by the city of

Lyons, after the time mentioned in said ordinances, and not before; that plaintiff knew of the construction and building of said walks at the time of the commencement of the building of said walks.

"25. That at the time of the passage of each of said ordinances mentioned in plaintiff's petition, there was a quorum present at the said council, and that the vote on said ordinances was duly and properly and legally passed, provided said city council had power to pass said ordinances or any of them."

"28. That the sidewalk taxes mentioned in plaintiff's petition are taxed (sought to be levied) for the building of sidewalks built along a side and adjacent to property owned by plaintiff; that the defendant the city of Lyons has never attempted to levy any taxes as sidewalk taxes against the property of plaintiff, except the sidewalk along and abutting to lots owned by plaintiff."

"32. That the city of Lyons actually constructed the sidewalks in question, to wit, those mentioned in ordinances Nos. 99, 102, 134; that said city has paid for the construction of the same; and that the amount sought to be assesssed against each of said lots is the amount it was reasonably worth to build said sidewalk in front of each of said lots and the amount which the city has actually paid out for the same.

"33. That the cost of the substructures of the walks built under ordinances Nos. 99 and 102 is not sought to be taxed against the said lots."

The agreed facts should be controlling as to the matters agreed to. They were established facts, and the court was bound by them. The agreed facts show beyond controversy that the ordinances mentioned in the petition of the plaintiff below were legally passed and published as required by law; that the walks were built by the city of Lyons after the passage and publication of the ordinances; that the plaintiff below knew of the construction and building of the walks at the time of the commencement thereof; that

said walks for which sidewalk taxes are charged were built along a side and adjacent to the lots owned by the plaintiff below; that the city of Lyons has never levied any tax as sidewalk tax, except for sidewalks built along the front of the lots owned by plaintiff below, and the taxes are charged up to the lots along which the said walks are built; that the city of Lyons actually constructed the sidewalks along the lots charged with the sidewalk taxes, and they were built under ordinances Nos. 99, 102, and 134; that the city has paid for the construction of the same. The validity of these sidewalk taxes depends upon the power of the city of Lyons as a city of the third class to build the sidewalks along its streets and charge the cost thereof to the owners of the abutting lots. By section 36, clause 2, of the act concerning cities of the third class, (Gen. Stat. 1889, ch. 19a,) cities of the third class are given power

"to open and improve streets, avenues, and alleys, make sidewalks and build bridges, culverts and sewers within the city; and for the purpose of paying for the same, shall have power to make assessments in the following manner, to wit: *First*, For opening, widening and grading all streets and avenues, and for all improvement of the squares and areas formed by the crossing of streets, and for building bridges, culverts, and sewers, and footwalks across streets, the assessments shall be made on all taxable real estate within the corporate limits of the city, not exceeding 10 mills on the dollar, for these purposes, in any one year. *Second*, For making and repairing sidewalks, macadamizing, curbing, paving and guttering, the assessments shall be made on all lots and pieces of ground abutting on the improvements, according to the front foot thereof."

Cities of the third class are vested with absolute power to make sidewalks along the streets within the

8—2 APP.

city limits, and are given full discretion to determine when and where they shall be built, and the kind of walks to be built, and, for the purpose of paying for the same, have power to make assessments on all lots and pieces of ground abutting on said improvements, according to the front foot thereof; and when the mayor and council have determined upon what street or streets sidewalks are to be constructed, and the kind of walks that are necessary, their determination is final. The mayor and city council of the city of Lyons having determined upon the matter of building sidewalks on the streets of the city, and duly passed and published ordinances for that purpose, by such ordinances gave the lotowners along said streets ample time to build a walk in front of their property; but they failing to avail themselves of the opportunity of doing so, are not in a condition to complain of the assessment against the property to pay for the improvements made by the city.

The foregoing observations are perhaps sufficient for a final determination of this case, but as the plaintiff below commenced his suit in a court of equitable jurisdiction, asking for equitable relief, and alleging certain reasons why he should be relieved from the payment of certain city taxes, it will be but proper for this court to determine the further questions as to the liability of the plaintiff below to pay said taxes on his property located in the old town of Purdyville, which is claimed to have become a part of the incorporated city of Lyons by reason of the ordinances passed by the mayor and council of said city, extending the limits thereof so as to take in all the portions of the platted grounds in Purdyville, and also by the proceedings had by the board of county commissioners of Rice county, extending the city limits of the

city of Lyons so as to include the unplatted grounds in Purdyville.

We do not think the order of the board of county commissioners of Rice county in vacating Rheiner and Reed streets in Purdyville was valid. The proceedings to vacate the streets and alleys were had under section 3 of chapter 115, General Statutes of 1889, which requires a notice to be given by the persons desiring such vacation and to be advertised for four consecutive weeks in a weekly newspaper of general circulation in said town ; that, at the next regular session of the county commissioners of the county in which the town is located, a petition would be presented to the commissioners praying for the vacation of such part of the town as desired, describing the same properly. The record of this case shows that the notice upon which the county commissioners based their order attempting to vacate the streets of Purdyville was published for only three consecutive weeks in a newspaper of general circulation in said town. The giving of notice by publication in a newspaper of general circulation in the town of Purdyville was essential to the jurisdiction of the board of county commissioners to vacate the streets of the town ; and notice not having been given as required by law, the order of the board of county commissioners was void, and the town of Purdyville remained platted grounds, and could be properly taken into the city limits by ordinance. (Gen. Stat. 1889, ch. 19a, § 94.)

The mayor and council passed and published an ordinance to extend the city limits so as to include all the territory in Purdyville that had been platted in said town. The territory sought to be annexed was subdivided into lots and blocks, and did not exceed five acres in area. The city council also presented a petition to

the board of county commissioners of Rice county to have the corporate limits extended over the same territory, and the board of county commissioners made an order extending the corporate limits also. We think the action of the mayor and council was such that the limits of the city were properly and legally extended so as to take into the corporate limits all the platted portion of the town of Purdyville. Such seems to have been the understanding of the plaintiff below at the time and for several years thereafter, as he voted at the several city and general elections held in the city for the election of city officers, for the election of state, county and township officers, and all officers voted for in said city, during the years 1887, 1888, and 1889. He voted at special elections in the city to vote bonds to aid railroads, to build water-works, to establish salt plants, and to develop the mineral resources of the city. He signed petitions to the city council asking that said council call an election to vote aid to the Kansas & Midland railroad, in which petition he represented and set forth that he was a citizen, resident and taxpayer of the city of Lyons ; that an election was called and held for the purposes stated in the petition ; that he voted at said election, and bonds were voted on the property within the corporate limits to the amount of $35,000. He also signed a petition to the city council, in which he set forth that he was a resident, citizen and taxpayer within said city, praying for the calling of an election to vote the sum of $3,000 in bonds of the city to be subscribed and given for stock for the purpose of natural gas, oils, and minerals, which was acted upon, and election was held. He voted at said election. Bonds were voted, issued, and sold. He also signed a petition which was presented to the council of said city, praying for the calling of

an election to vote $5,000 of the bonds of the city to aid in the erection of a salt plant in said city.   Said election was held, and he voted thereat, and the proposition carried.   Street crossings have been put in and built by the city of Lyons leading up to the property of the plaintiff below — crossings along Purdy and Reed streets in Purdyville.   Plaintiff has registered twice in his ward as a legal voter therein — received a certificate from the city clerk of the city of Lyons so certifying.   His property was assessed for city purposes in 1887, and he paid the taxes that year without objection.   It was also agreed in the stipulation signed in this case that Edward Rheiner signed the following petition, which was presented to the city council :

" It is agreed that the plaintiff, Edward Rheiner, signed the following petition, which was presented to the city council, the one marked '.Exhibit 4 ' being in plaintiff's handwriting, and that the same was presented to the city council, which petition is as follows : ' To the city council of the city of Lyons, Rice county, Kansas :  Your petitioners, being the immediate and adjoining property owners, residents, and persons mostly interested, do petition your honorable body to pass and enact a law or ordinance providing for the building of a sidewalk along and over the following lands, to wit :  Along the south side of Commercial street, commencing and running from the west side of Reed street due east along the south side of Commercial street to the east side of Purdy street ; from thence, due south, 150 feet, along the east side of Purdy street, being in Purdyville, in Rice county, Kansas, and in the corporate limits of the city of Lyons.'
(Signed)     EDWARD RHEINER."

On the 1st day of November, 1888, the city of Lyons became a city of the second class, and all of the original town of Purdyville was included in the city of Lyons as a city of the second class, as described by

metes and bounds in the governor's proclamation; and plaintiff below voted at the first election after said proclamation was issued, and has ever since voted at the city elections for the election of city officers. The plaintiff's own conduct in acceptance of the action of the city council and the board of county commissioners in extending the limits of said city, and in receiving all the benefits growing out of the improvements made at his request and with his acquiescence in making the improvements, estops him from denying his obligation to pay his part of the burden thus imposed.

The judgment is reversed, and the case remanded to the district court of Rice county, with direction to set aside the injunction and render judgment against the plaintiff below for costs of suit.

All the Judges concurring.