## McALPIN v. HIXON *et al.*

No. 3816.    Opinion Filed November 10, 1914.

Rehearing Denied January 9, 1915.

(145 Pac. 386.)

1.    APPEAL AND ERROR—Ground for Reversal—Findings. Section 5017, Rev. Laws '1910, provides: "Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law." **Held,** said statute is mandatory; and failure of the court to substantially comply with same, when requested, and judgment is rendered against the party making such request, constitutes reversible error, unless upon an examination of the entire record this court is of the opinion that substantial justice has been done.

2.    SAME—Harmless Error—Findings. Plaintiff sued defendant upon two promissory notes. Defendant alleged failure of consideration; that the notes were obtained by misrepresentation, etc. Defendant's alleged defense was not supported by the evidence. The cause was tried before the court without a jury. Before the decision was announced, defendant requested the court to

state in writing the conclusions of fact separate from the conclusions of law, which request was refused. **Held,** upon examination of the entire record, it appears that no substantial right of defendant has been affected. **Held,** further, that construing section 5017, Rev. Laws 1910, in connection with sections 4791 and 6005, **Id.,** no error affecting any substantial right of defendant was committed; and it is the duty of this court to affirm the judgment.

(Syllabus by the Court.)

*Error from County Court, Beckham County;*

*John C. Hendrix, Judge.*

Action by H. O. Hixon and others against T. J. McAlpin. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Wilson & Tomerlin* and *E. E. Buckholts,* for plaintiff in error

*W. F. Mayer* and *J. E. McMurtry,* for defendants in error.

RIDDLE, J. The parties will be denominated here as they were in the trial court. Plaintiffs sued defendant upon two promissory notes in the sum of $200 each. It appears that the notes were executed for the purpose of raising a bonus for paying for the right of way and an inducement to the Wichita Falls & Northwestern Railroad Company to build into Elk City. Defendant, in substance, alleged as a defense that plaintiffs, comprising a committee of citizens, conspired and confederated with the railway company to procure defendant and other citizens to contribute to a bonus for the purpose of the location of the line of railroad, which location had already been made, determined, and ascertained; that the notes sued on were given as a part of a contribution to said bonus, and were void and without consideration; that plaintiffs had collected large sums of money, including a note from defendant, in sufficient amount to discharge all obligations, if said obligations should be found to exist in favor of said committee. The balance sought to be recovered from defendant was for the sole and secret benefit of plaintiffs. It is alleged that, at the

time the notes were executed, defendant was in a weakened condition of mind and body, on account of excessive use of intoxicating liquors; that he did not know and understand the effect, meaning, and consequence of his act, and while in such condition, which was known to plaintiffs, the notes were procured to be executed, said plaintiffs taking advantage of defendant's mental condition to procure the execution of said notes. These allegations were denied by plaintiffs. A jury was waived, and the cause was tried to the court. Judgment was rendered in favor of plaintiffs for the amount sued for, from which judgment defendant prosecutes this appeal.

The only question argued here is error of the court in refusing to make separate findings of fact and conclusions of law in writing. We have carefully examined the testimony in the record, and are of the opinion that defendant failed to make his alleged defense good; and had the cause been tried to a jury, upon motion for a directed verdict, it would have been the duty of the court to have sustained the same. The record discloses that, as the court was about to announce its opinion, counsel requested separate findings of fact and conclusions of law to be made in writing. The court stated, in response thereto, he would announce his decision and then would file findings of fact and conclusions of law. Counsel presented four questions, and requested the court to find thereon, as follows:

"(1) Does the court find that the contract sued on herein or any part thereof was procured through misrepresentation on the part of plaintiffs or either of them? (2) Does the court find that there were any changes made by the plaintiffs and permitted to be made by the railroad company in the bonus contract between the plaintiffs and the railroad company to enable the plaintiffs to perform which said contract the defendant is alleged to have executed the notes sued on in this case? (3) If the court finds that any changes were so made, does the court find that the same were consented to or made known to the defendant? (4) Does the court find that at the time of the execution of the notes

sued on the defendant was drunk to such an extent that he did not know the nature and consequences of his act?"

To each of these questions, the court answered: "Not required to answer; covered by journal entry."

For a reversal of this cause, defendant relies upon section 5017, Rev. Laws 1910, as construed in the cases of *Smith v. Harrod,* 29 Okla. 3, 115 Pac. 1015, and *Insurance Co. of North America v. Taylor,* 34 Okla. 186, 124 Pac. 974, following the rule laid down in the case of *Briggs v. Eggan,* 17 Kan. 589. In construing this statute, the court in the cases cited seems to have stated the broad rule, to the effect that the statute is mandatory, and if a timely request is made of the court, which request is refused, and the decision and judgment of the court is against the party making such request, that such party would be entitled to a reversal of the cause on the grounds of substantial error having been committed. We are of the opinion that this is stating the rule too broad, and that the decisions of this court should be modified to the extent that if it appears affirmatively from an examination of the entire record, under sections 6005 and 4791, Rev. Laws 1910, that substantial justice has been done, then the error of the court should be held to be harmless. Or, to state it in another way, if the record and the evidence are such that it was the duty of the court to render judgment for the party in whose favor the same was rendered, then the party complaining could not be prejudiced by reason of the court's failing to make separate findings of fact and conclusions of law; and the cause should be affirmed under sections 6005 and 4791, Rev. Laws 1910, *supra.* This, in effect, as applied to this case, is equivalent to holding that the record presents no question, other than a question of law. The Supreme Court of Kansas seems to have followed the rule laid down by the Supreme Courts of Ohio, California, and Michigan. Under the statute in California, as shown from the decisions, the court was required to make separate findings of fact and conclusions of law, without the request of either

counsel; and that statute was held to be mandatory; and, upon the failure of the court to substantially comply with same, there was no substantial foundation for a judgment. This, in effect, was the holding the the Supreme Court of Ohio in the case of *C. & T. Ry. Co. v. Johnson,* 10 Ohio St. 591. It was held subsequently, however, in the case of *Oxford Township v. Columbia,* 38 Ohio St. 87, as follows:

"In disposing of this case, it is necessary to determine two questions: (1) The plaintiffs requested the court to state separately, in writing, the conclusions of law and fact. That request was made under the statute, which provided: 'Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law.' Civil Code, sec. 280; Rev. State. sec. 5205, note. This provision is one of much importance, and it is in no sense directory. That there was no proper compliance with the request is admitted; and it is clear to us that the action of the court in that respect affords ground of reversal, unless 'it be shown that the plaintiffs were not prejudiced thereby. But we are of opinion that it is shown that there was no such prejudice as to call for a reversal on that ground. The record contains all the testimony offered on the trial and objection is made that the judgment below is opposed to the weight of the evidence. In deciding 'the case, therefore, we necessarily ascertain the facts."

38 Cyc. 1954, after referring to the rule construing different statutes, states:

"Although the want of findings renders a judgment subject to vacation or reversal on proper proceedings being taken therefor, it does not make the judgment void, or subject to collateral attack; and in some cases the courts have refused to reverse where no prejudicial error was shown, as where the facts otherwise appeared of record"—citing the following cases: *Swick v. Sheridan,* 107 Minn. 130, 119 N. W. 791; *Miller v. McCaleb,* 208 Mo. 562,

106 S. W. 655; *Umscheid v. Scholz*, 84 Tex. 265, 16 S. W. 1065; *Crocker v. Crocker*, 19 Tex. Civ. App. 396, 46 S. W. 870; *Settegast v. Blount* (Tex. Civ. App.) 46 S. W. 268; *In re Callahan*, 102 Wis. 557, 78 N. W. 750; *Schmitz v. Schmitz*, 19 Wis. 207, 88 Am. Dec. 681; *In re Taylor*, 5 Ind. Terr. 219, 82 S. W. 727, 5 Ann. Cas. 226.

Again, 38 Cyc. 1962, states:

"The statutes and codes of civil procedure of the different states require that, in trials by the court without a jury, the findings of fact and conclusions of law shall be separately stated, upon the condition in most states that such separate statement be requested by one of the parties, and a failure to comply with this requirement is error, calling for reversal, unless it is not prejudicial to the parties, or unless the jurisdiction is one in which the requirement is treated as being merely directory."

In the former opinions of this court, it was correctly held that the statute under consideration is mandatory; but we are of the opinion that it should be construed in connection with sections 6005 and 4791, Rev. Laws 1910, and in any case where it appears from an examination of the entire record that the judgment is correct, and no error has been committed affecting the substantial rights of the party complaining, the case should not be reversed. This should be the rule in any case where the issue was submitted to the court without a jury, and the record is such, either from want of facts or that the evidence shows such a conclusive state of facts sustaining the judgment which would have warranted the court in directing a verdict in favor of such party, had the cause been tried to a jury. Or, to state the rule in another way, where the record discloses such state of facts that no practical benefit would result to either party, had the court made separate findings of fact and conclusions of law, then this court should not reverse the case. This is a reasonable and sensible construction of the statute, and is in harmony with the more liberal rules of procedure, which have been adopted, to the end of obtaining substantial justice.

Finding no prejudicial error, the judgment of the trial court is affirmed.

All the Justices concur.