## POTTS v. FIRST STATE BANK OF TALIHINA.

No. 4822.    Opinion Filed September 14, 1915.

(151 Pac. 859.)

1.  **TRIAL—By Court—Taking Case Under Advisement.** There being no statute of this state fixing the time within which a judgment must be rendered after the trial of a case in a court of record, a judge of such a court, having tried a case without a jury, undoubtedly has authority to take the same under advisement for a reasonable time, even though that time may extend beyond the term of the court at which the case is tried.

2.  **APPEAL AND ERROR—Harmless Error—Findings and Conclusions.** Where, upon the trial of a case in a court of record, a jury is waived and the case is tried to the court, the failure of the court to make separate findings of fact and conclusions of law on a timely demand being made therefor, as required by statute, by one of the parties, is not reversible error when the evidence in the case clearly sustains the judgment rendered and where there is no evidence in the case which would warrant or sustain any other judgment than that which was, in fact, rendered.

3.  **PRINCIPAL AND SURETY—Fraud—Release of Surety.** Fraud on part of the principal maker of a promissory note, whereby his surety is induced to sign it, knowing it to be a note, will not relieve the surety of liabilty to the payee if the payee did not know or have notice of the fraud at the time he accepted the note for a valuable consideration.

(Syllabus by Wilson, C.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by the First State Bank of Talihina against E. F. Potts. Judgment for plaintiff, and defendant brings error. Affirmed.

*Kyle & Newman,* for plaintiff in error.

*Hale & Lunsford,* for defendant in error.

Opinion by WILSON, C. This is a proceeding in error brought here on appeal from the county court of Bryan county, wherein the defendant in error sued the plaintiff in error to recover a balance due on a certain negotiable promissory note executed by the defendant to the plaintiff. The defendant filed his answer admitting the execution of the note in blank, but pleaded as a defense to the action that he signed it with the distinct understanding and agreement that one Hugh Swift was to sign the same as principal; that the plaintiff thereafter took said note "without securing the signature of Hugh Swift thereto, as had been agreed upon, and thereby practicing a fraud upon this defendant and breaching said contract and agreement so had." The defendant alleged as a further defense to the action that when said note became due he paid thereon the sum of $500 with a distinct understanding and agreement that he was to be released from any further liability on said note. These allegations of defense were denied by the plaintiff in its reply, and, the case being set for trial, a jury was waived by both parties, and the trial was had before the judge. On the trial of the case not a single syllable of evidence was offered which tended to sustain either of the allegations of defense urged by the defendant; but the court, however, took the case under advisement, and at a subsequent term of the court, without having made an order continuing the case under advisement for the term, rendered judgment for the plaintiff for the amount sued for. In the meantime, however, and about a week after the trial of the case and during the term at which it was tried, the defendant filed a written demand for separate

findings of facts and conclusions of law, which was ignored by the court in rendering its judgment; but it does not appear from the record that the judge had any knowledge or notice that such demand had been filed. After filing his motion for a new trial, properly bringing to the attention of the trial court the alleged errors, and it being overruled, the defendant appealed the case to this court.

Plaintiff in error, in his brief, relies for a reversal of the judgment of the lower court on the alegations: First, that the court lost jurisdiction to render judgment without a new trial of the case, upon its rendition of the judgment being postponed until a subsequent term of the court; second, that the court erred in refusing to make separate findings of fact and conclusions of law on all the issues presented in the case, after the defendant had made request therefor in writing; and, third, that "the court erred in its conclusions of law in holding that the defendant was liable on said note, although he executed it as surety for Hugh Swift, and the defendant accepted same with knowledge of those conditions without Swift's signature."

There is no statute of this state fixing the time within which a judgment must be rendered after the trial of a case, and, in the absence of such a statute, a court of record undoubtedly has the authority to take a case under advisement for a reasonable length of time, even though the period of time taken extends beyond the term of court at which the case is tried. 23 Cyc. 783; *Tarpenining v. Cannon*, 28 Kan. 665.

The assignment that the court erred in not making separate findings of facts and conclusions of law, after demand had been made therefor by defendant, might be

well taken, although we do not decide that question, for there is a doubt as to whether the demand for such separate findings was properly made, if there had been an issue of fact raised by the evidence which could reasonably have resulted in a different judgment from that which was, in fact, rendered in the case, but the defendant's evidence at the trial was demurrable, and any other judgment in the case than that which was rendered would have been reversible as not being warranted or sustained by the evidence; therefore, if the court committed error in failing to make separate findings, as requested, such error was harmless and, on authority of section 6005, Rev. Laws 1910, and numerous decisions of this court, the judgment appealed from cannot be reversed for that reason. *McAlpin v. Hixon,* 45 Okla. 376, 145 Pac. 386.

The third assignment of error contended for by the plaintiff in error is likewise unsound, for there is no evidence in the case that the defendant in error had anything to do with the execution of the note sued on, or that it or its officers had any knowledge or notice of the circumstances attendant upon its execution in blank by the plaintiff in error.

Substantially all the evidence concerning the execution or delivery of the note was the following testimony of the defendant himself:

"A. Mr. Hugh Swift was ———— of bank here, and he said he had a brother-in-law over to Talihina and that he wanted me to assist him to get some money that he might start him a bank at Hugo. Said his brother-in-law was a banker up there, and if I would go on his note he could get some money up to Talihina, and I told him I would, so he brings the note in blank, and I signed it in blank, that he might sign that note and he would borrow some money over at Talihina.    *   *   *"

Fraud on part of the principal maker of a promissory note whereby his surety is induced to sign it, knowing it to be a note, will not relieve the surety of liability to the payee if the payee did not know or have notice of the fraud at the time he accepted the note for a valuable consideration.   3 R. C. L. tit. Bills and Notes, sec. 320.

The evidence in this case shows clearly, by the testimony of the defendant himself, taking his theory of the case as the correct one, that the defendant signed the note sued on as an accommodation maker, solely at the request of Swift, who took it to the plaintiff bank and procured a loan of money on it, and there is not a scintilla of evidence in the record that any officer of the bank knew or had notice of the transaction between Swift and the defendant.

Finding no merit in the appeal, we recommend that the judgment of the county court of Bryan county be affirmed.

By the Court:   It is so ordered.