**GRANT v. MATHIS.**

No. 14458—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**1. Appeal and Error — Review — Decision Below on Proper Contents of Case-Made.**

Where the trial court, whose term of office has expired since the trial of the cause, refuses to include in the case-made the request of defendant for special findings of fact and conclusions of law, which had not been complied with, and which defendant contended had been made before the introduction of any evidence in the trial of the cause; and where the defendant presents the matter to his successor, under section 792, Comp. Stat. 1921, who, after a hearing, as therein provided, finds that said request was properly made and orders the same made a part of the case-made, and there is competent evidence reasonably tending to support the same, it will not be disturbed on appeal.

**2. Same—Saving Questions for Review — Refusal to Make Special Findings and Conclusions of Law.**

Where defendant, in due time, and in compliance with section 556, Comp. Stat. 1921, makes a request for special findings of fact and conclusions of law, which is ignored by the trial court, and judgment finding generally for plaintiff is rendered, to which defendant excepts, and within the statutory time files a motion for new trial based on such failure, which is overruled by the court, to which the defendant excepts, held, the question was properly saved for review on appeal.

**3. Trial — Special Findings — Insufficiency —Action for Share of Broker's Commission.**

Where plaintiff, a real estate broker, sues defendant, a mining broker, under an alleged verbal contract, whereby defendant was to divide equally with plaintiff all commissions earned from sales of mining property to persons introduced to defendant, or produced by plaintiff, to recover his portion of a commission so earned, and defendant denies said contract and contends that plaintiff was only to have a portion of the commission from a particular transaction, not involved therein, if made as alleged by plaintiff; and where the defendant contends that another broker, named Fisher, was the first to interest the purchaser in said mining property involved therein, and that plaintiff was employed by Fisher to assist in closing the transaction, and that the plaintiff was in no way the procuring cause of the sale of the property involved to the purchaser, and the defendant, in due time, makes proper request for special findings of fact and conclusions of law, the finding of the court that the defendant collected a commission of $3,100 and that the plaintiff is entitled to one-half of said amount, for which judgment is rendered, does not constitute a substantial compliance with section 556, Comp. Stat. 1921.

**4. Same — Failure to Make Findings of Fact and Conclusions of Law—Reversible Error.**

Where an action is tried before the court without a jury, and before the introduction of any evidence the defendant, in accordance with the provisions of section 556, Comp. Stat. 1921, requests the court to state in writing its conclusions of fact found separately from its conclusions of law, with the view of excepting to the decision of the court upon the questions of law involved in the trial; and where there is a conflict in the testimony upon a material issue, and the court refuses to comply with said statutory requirement, and renders judgment against the party making such request, such failure to so state the findings of fact and conclusions of law constitutes reversible error.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by J. J. Mathis against V. V. Grant. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

George T. Webster, for plaintiff in error.

Vern E. Thompson, for defendant in error.

MASON, J. The parties will be denominated here as they were in the trial court.

Plaintiff's cause of action is based upon an alleged oral agreement between the plaintiff and defendant, whereby the defendant agreed to pay the plaintiff one-half of all commissions made from the sale of mining property to purchasers produced by the plaintiff. The plaintiff then alleges that he introduced to the defendant one Frank Shoemaker, who had consulted the plaintiff relative to the purchase of mining properties, and that the defendant sold certain mining property to the said Shoemaker for which he received a commission and profit of $11,500, and that the plaintiff, by reason of said oral contract, was entitled to one-half of said commission and profit, amounting to $5,750.

All the allegations of the plaintiff's petition were denied, both generally and specifically, by the defendant. A jury was waived and, on November 2, 1920, the cause came on for trial, before the court, whereupon the defendant requested the court to make and separately state its findings of fact and conclusions of law before rendering its decision. At the conclusion of the evidence, the court took the case under advisement until January 3, 1923, when, just before retiring from the bench, and without making special findings of fact or conclusions of law, he rendered judgment finding the issues in favor of the plaintiff

and, against the defendant, but found that the defendant Grant only received, as his share on the commission sued for by the plaintiff, the sum of $3,100, and rendered judgment for the plaintiff in the sum of $1,550, to which judgment the defendant excepted.

Thereafter, within due time, the defendant filed his motion for new trial, which was overruled, and the case has been regularly appealed to this court. For reversal, plaintiff in error assigns the following specifications of error, which were presented in his motion for new trial: First, that the court erred in refusing to make and separately state its findings of fact and conclusions of law; second, that the judgment of the court is contrary to the evidence and not supported thereby and is contrary to law.

Before discussing plaintiff in error's first assignment of error, we will dispose of the objections of the defendant in error to the consideration of same.

Counsel for defendant in error first contends that no request was ever made to the trial court to make specific findings of fact and conclusions of law. This is supported by that portion of the record where it discloses that, when the case-made was presented to the Hon. S. C. Fullerton, presiding judge during the trial, but whose term of office had expired, he refused to settle and sign same for the reason that it contained a recitation that counsel for defendant, before the introduction of any evidence, requested special findings of fact and conclusions of law.

The record, however, further discloses that counsel for plaintiff in error then proceeded under section 792, Comp. Stat. 1921, which provides as follows:

"In case the trial judge shall refuse to include any statement of a case-made which a party thereto, or his attorney, contends is correct, such party or his attorney may file in said court an affidavit setting forth the matters in dispute and the fact that the trial judge has refused to include such facts in the case-made, and thereupon said judge shall be disqualified to determine the facts set forth in said affidavit, and a special judge shall be elected or appointed as in other cases of disqualification of the judge, who shall hear the evidence and make an order with reference to the facts in dispute, which order shall be included in the case-made, and shall constitute the facts recited in the order. * * *"

In support of this proceeding, the affidavits of George T. Webster and F. W. Church, attorneys for defendant, were filed, which set forth in substance that, after each party had announced ready for trial of said cause, the said George T. Webster requested the court to make and separately state its findings of fact and conclusions of law; that, at said time, the court reporter was not present and, by an oversight, this request was not incorporated in his notes. Other statements relative to the statutory requirements, as provided for in section 792, supra, were then set forth.

Thereafter, by stipulation of the parties, the matter was heard by the successor of S. C. Fullerton, Hon. J. J. Smith, district judge, who found that said request for findings of fact and conclusions of law had been made as alleged by the defendant and ordered that the same be made a part of the case-made, which order was complied with, after which the case-made was settled and certified by the trial judge. Said findings and order were supported by ample evidence and were not resisted by any evidence whatever on the part of the plaintiff, and therefore the same will not be disturbed on appeal and the plaintiff's objection thereto is without merit.

Defendant in error next contends that no timely objection was taken and saved to the failure of the trial court to make said findings and conclusions. This contention, also, is without merit. The record discloses that the defendant excepted to the judgment of the court at the time it was rendered and, within the statutory time filed his motion for new trial, the first ground of which was based on said failure of the court to make such findings and conclusions.

Defendant in error then contends that the trial court did, in fact, make findings of fact and conclusions of law. The judgment of the court recites that the court found that the defendant collected a commission of $3,100, and that the plaintiff was entitled to recover one-half thereof, or $1,550. This could not, under any reasonable construction, be considered a compliance with section 556, Comp. Stat. 1921.

With these objections of the plaintiff disposed of, we will consider plaintiff in error's first assignment of error. Section 556, Comp. Stat. 1921, provides as follows:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

Counsel for plaintiff in error then cites the following cases: Thompson v. Russell, 1 Okla. 225, 32 Pac. 56; Rogers et al. v. Bonnett, 2 Okla. 553, 37 Pac. 1078; Smith v. Harrod, 29 Okla. 3, 115 Pac. 1015; Insurance Co. of North America v. Taylor, 34 Okla. 186, 124 Pac. 974; Seward v. Rheiner, 2 Kan. App. 95, 43 Pac. 423. These cases all hold, in substance, that the provisions of the foregoing section of the statutes are mandatory, and failure of the court to make findings of fact and conclusions of law, upon proper request, denies a substantial right of such party and is reversible error.

The defendant in error contends, however, that this rule has been modified by the later cases of this court, and that the instant case comes under the rules so modified, and, in support of this contention, he cites McAlpin v. Hixon, 45 Okla. 376, 145 Pac. 386; Potts v. First State Bank of Talihina, 51 Okla. 162, 151 Pac. 859.

In the case of McAlpin v. Hixon, supra, the modified rule is stated in the second paragraph of the syllabus as follows:

"Plaintiff sued defendant upon two promissory notes. Defendant alleged failure of consideration; that the notes were obtained by misrepresentation, etc. Defendant's alleged defense was not supported by the evidence. The cause was tried before the court without a jury. Before the decision was announced, defendant requested the court to state in writing the conclusions of fact separate from the conclusions of law, which request was refused. Held, upon examination of the entire record, it appears that no substantial right of defendant has been affected. Held, further, that, construing section 5017, Rev. Laws 1910, in connection with sections 4791 and 6005, Id., no error affecting any substantial right of defendant was committed; and it is the duty of this court to affirm the judgment."

In the body of the opinion, p. 378, the court uses the following language:

"We have carefully examined the testimony in the record, and are of the opinion that defendant failed to make his alleged defense good; and had the cause been tried to a jury, upon motion for a directed verdict, it would have been the duty of the court to have sustained the same."

Again, in the body of the opinion, p. 379, after stating that the rule in the earlier cases is too broad, the court uses this language:

"* * * If the record and the evidence are such that it was the duty of the court to render judgment for the party in whose favor the same was rendered, then the party complaining could not be prejudiced

by reason of the court's failing to make separate findings of fact and conclusions of law. * * * This, in effect, as applied to this case, is equivalent to holding that the record presents no question other than the question of law."

In Potts v. First State Bank of Talihina, supra, the rule is stated in the syllabus as follows:

"Where, upon the trial of a case in a court of record, a jury is waived and the case is tried to the court, the failure of the court to make separate findings of fact and conclusions of law on a timely demand being made therefor, as required by statute, by one of the parties, is not reversible error when the evidence in the case clearly sustains the judgment rendered and where there is no evidence in the case which would warrant or sustain any other judgment than that which was, in fact, rendered."

In the body of the opinion, p. 163, the court says:

"On the trial of the case not a single syllable of evidence was offered which tended to sustain either of the allegations of defense urged by the defendant. * * * The assignment that the court erred in not making separate findings of fact and conclusions of law, after demand had been made therefor by defendant, might be well taken, * * * if there had been an issue of fact raised by the evidence which could reasonably have resulted in a different judgment from that which was, in fact, rendered in the case, but the defendant's evidence at the trial was demurrable, and any other judgment in the case than that which was rendered would have been reversible as not being warranted or sustained by the evidence."

As stated by the earlier opinions of this court, cited by the plaintiff in error, the section of the statute under consideration is mandatory. It requires the judge who assumes to perform the duties of the jury to weigh the evidence and state the conclusions of fact found by him and reduce such findings to writing, together with his rulings of law applicable to them.

The section which begins with the words, "upon the trial of questions of fact by the court," presupposes an issue of fact, to be determined upon principles of law as applicable to the state of facts found.

But the rule, as announced in McAlpin v. Hixon, supra, and Potts v. First State Bank of Talihina, supra, is based upon the non-existence of such issue of fact; in other words, the law never requires a useless thing to be done, and where no issue of fact is presented, findings of fact by the trial court could result in no practical benefit, and therefore the failure of the trial

court so to do would not affect any substantial right of the parties, and under section 2822, Comp. Okla. Stat. 1921, such failure would not be sufficient grounds for reversing the case.

An examination of the record in the instant case, however, discloses many controverted questions of fact, which were presented to the trial court, and therefore the contention of defendant in error that the failure of the court to make findings of fact and conclusions of law should be treated as harmless error is not well taken. This case is not governed by the rule announced in McAlpin v. Hixon, supra, and Potts v. First State Bank of Talihina, supra, but governed by the rule announced in the earlier cases cited by plaintiff in error. We deem it unnecessary to discuss plaintiff in error's second assignment of error.

For the reasons stated, the judgment of the trial court is reversed, and the case remanded to the district court of Ottawa county for a new trial.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.