## STROTHER et al. v. HARJO.

No. 13545—Opinion Filed May 5, 1925.

1. **Appeal and Error — Reversible Error— Refusal of Request for Special Findings.**

Where a cause is tried upon questions of fact to the court and timely request is made for special findings of fact, and conclusions of law, the refusal of the court to comply with such request constitutes reversible error, where there is a conflict in the testimony upon a material issue.

2. **Same.**

Held, that the record does not disclose that substantial justice was done, notwithstanding failure of the court to make such findings.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by Edmond Harjo, by guardian, against O. B. Strother et al. Judgment for plaintiff. Defendants appeal. Reversed.

Davis & Patterson and Cutlip & Horsley, for plaintiffs in error.

John W. Willmott, R. J. Roberts, and J. Read Moore, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Edmond Harjo, a minor, by his guardian, had judgment of the court without a jury against Strother and Gates for the recovery of one-fourth interest in certain real estate, rents, and profits, and for partition. Plaintiff claimed such interest as an heir at law of the original allottee, Oche Harjo, a Seminole Indian, intestate, leaving certain heirs, among whom was Jimmie Harjo, of whom and of one Eliza Harjo, plaintiff claimed to be son and heir. Defendants Strother and Gates had been in possession of the land for some years claiming title thereto by deed.

At the close of the testimony, and before the announcement of any conclusions by the court, defendants requested the court, by motion, to make special findings of fact and conclusions of law, "the findings of fact to show as to the date of the marriage between Jimmie Harjo and Eliza Harjo", and whether Edmond Harjo was the legitimate offspring of the valid marriage between Jimmie Harjo and Eliza Harjo. Thereupon, the court ruled:

"I usually make special findings where the attorneys request it where I can help them any, but in this case there is so many witnesses. But in this case I don't believe I can do it, gentlemen. I decline for that reason that the notice was not given in time."

Under section 556, Comp. St. 1921, it is the mandatory duty of the court, upon timely request, to state in writing its conclusions of fact found separately from its conclusions of law, in order that such party may except to the decision of the court upon the questions of law involved. A failure of the court so to do constitutes reversible error where there is conflicting evidence. Grant v. Mathis, 96 Okla. 65, 220 Pac. 331; Okmulgee County Business Men's Ass'n et al. v. Bryan, 79 Okla. 23, 176 Pac. 226. The parties concede that the ultimate question is whether plaintiff, Edmond Harjo, is the legitimate child of Jimmie Harjo, whose heir he claims to be. The parties stipulated that said Jimmie died December 25, 1906, and it is not controverted that plaintiff was born in February, 1907. There is competent evidence that one Lila Harjo was the wife of said Jimmie in March, 1906, but died

during the fall of that year. There is much controversy and conflicting evidence on the question whether said Jimmie and said Eliza were married, and if so, whether by Indian custom or common law, raising the question whether the plaintiff was born less than nine months after the death of said Lila, the lawful wife of said Jimmie.

Failure of the court to make such findings is, also, not reversible error when an examination of the entire record by this court discloses that substantial justice has been done. McAlpin v. Hixon et al., 45 Okla. 876, 145 Pac. 386. In Germania State Bank of Elk City v. Ptachek et al., 67 Okla. 176, 169 Pac. 1094, urged in support of the judgment herein, there was but a single question involved, but the request for the findings was not timely. In the instant case, while there is but one ultimate question involved, its decision depends upon facts to be found from much conflicting and multifarious testimony. The purpose of the statute is to enable the party to save his exception to questions of law decided. Such questions of law decided would depend for their correctness upon the findings of fact, and these, in turn, would depend upon the construction of the testimony by the court. It appears that the benefit of the statute would thus be denied to one by the failure of the court to make the findings of fact, since, in excepting to the decision of the court on questions of law, one could not know the facts found as the basis of the conclusion of law, or whether the court conceived or comprehended the facts. Indeed, said ruling of the court on the motion for such findings herein to the effect that the court could not make findings of fact, there being so many witnesses, shows on its face that defendants were denied their right vouchsafed by the statute to know on what facts the court predicated its decision of law. There are other matters disclosed by the record tending to show that a fair trial of the issues was not had. We cannot say that substantial justice was done notwithstanding failure of the court to make such findings.

It is unnecessary to notice the other assignments of error. Let the judgment be reversed and the cause remanded for new trial.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1059. (2) 4 C. J. p. 1059.