## GERMAN STATE BANK OF ELK CITY v. PTACHEK et al.

No. 8218—Opinion Filed Jan. 8, 1918.

(169 Pac. 1094.)

(Syllabus.)

1. **Homestead — Continuance — "Abandonment."**

When a homestead character once attaches to land, it continues to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with the intention, or forming such an intention after leaving, of not returning and occupying it as a homestead. Temporary absence from a homestead does not constitute an abandonment thereof, where there exists a definite and fixed intention to return. Acquiring the title to premises, occupied as a domicile by the owner of the homestead and his family, in a nearby town, does not amount to such a permanent absence from the homestead as to work an abandonment thereof, so long as the intention to return to the homestead exists.

2. **Same—Intention.**

An abandonment of a homestead is accomplished, not merely by going away without an intention of returning at a particular time in the future, but by going away with the definite intention never to return; the intent of the owner leaving the homestead being the controlling fact.

3. **Same—Question of Fact—Sufficiency of Evidence.**

Whether a homestead has been abandoned is a question of fact, ascertainable from the circumstances surrounding the particular transaction, and such abandonment must be established by clear and convincing evidence.

4. **Trial—Findings and Conclusions—Waiver—Statute.**

Under the provisions of section 5017, R. L. 1910, either party may require a special finding of facts and separate conclusions of law by making timely request therefor. Where no request is made until after the court has announced general findings and conclusions, the right will be deemed to have been waived.

Hardy and Thacker, JJ., dissenting in part.

Error from District Court, Washita County; Thos. A. Edwards, Judge.

Application by Caroline Ptachek, executrix, and Otto F. Tesmar, executor, of the estate of Charles Ptachek, otherwise known as Charles Bird, deceased, to designate certain lands as the homestead of Charles Ptachek, opposed by the German State Bank of Elk City. Application granted by the county court, and from an order of the district court, affirming the order, the opponent brings error. Affirmed.

R. N. Linville and Massingale & Duff, for plaintiff in error.

Richard A. Billups, for defendants in error.

OWEN, J. This action originated in the county court of Washita county upon application of the defendants in error to designate certain lands as the homestead of Caroline Ptachek. Plaintiff in error objected to such designation, admitting that Charles Ptachek at one period during his lifetime occupied the land in question as a homestead, but insisting that the same had been abandoned by him during his lifetime, and therefore could not be claimed by his widow as her homestead. From the action of the county court, granting the application, plaintiff in error appealed to the district court, and from an order of that court to the same effect the case was brought here.

The question necessary for determination here is whether Charles Ptachek abandoned the homestead during his lifetime. From the evidence in the record it appears that Charles Ptachek, after occupying the land in question for several years as his homestead, established a blacksmith shop in a nearby town, and together with his wife moved to this town, renting his farm from year to year; that part of their household goods was left in one room of the house on the premises, and from time to time, the wife returned to the premises to care for the orchard; that it was the intention of Charles Ptachek to return to the farm at some future time to live. There was proof, offered by the plaintiff in error, to the effect that Charles Ptachek offered the farm for sale, and that he owned the premises on which he and his family resided in the town where he had his blacksmith shop. These premises were deeded to his wife a short time before his death, and the farm in question was given to his wife by the terms of his will.

It is urged by the plaintiff in error that this state of facts constitutes an abandonment of the homestead. With this contention we find ourselves unable to agree. The homestead is not abandoned by merely going away without the intention of returning at a particular time in the future. To constitute an abandonment, there must be an intention at the time of going away or an intention formed after removal, never to return, the intent of the parties being the controlling fact. The fact that Ptachek acquired title to other premises occupied as a domicile by himself and family and offered the farm for sale, after removing to the nearby town, does not conclusively prove an abandonment, in view of the evidence of his intention to return to the farm sometime in the future for his permanent home. His removal and acquiring other premises occupied as a home would raise the presumption of abandonment in the absence of opposing evidence. Counsel cite in support of their contention the case of Carter v. Pickett, 39 Okla. 144, 134 Pac. 440. There it was held:

"Where there is no present intention to return existing at the time of removal, but a mere possible, or at most probable, future purpose, contingent upon the happening or not happening of a particular event, a removal from the homestead constitutes an abandonment thereof."

It was held in that case a temporary absence from the homestead does not constitute an abandonment thereof, where there exists, at the time, a definite and fixed intention to return.

When the difference between the facts in that case and the instant case is taken into consideration, it readily appears the case is an authority against the contention of the plaintiff in error, rather than in support of it. The great weight of authority is to the effect, when a homestead character once attaches to property, it will continue to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with the intention, or forming an intention after leaving, of not returning and occupying it as a home. In every case, abandonment is to be regarded as a question of fact, to be ascertained from all the circumstances surrounding the particular transaction. The intent of the parties is the controlling fact, and the proof of the abandonment must be clear and convincing in its nature. McCammon v. Jenkins, 44 Okla. 612, 145 Pac. 1163; Carter v. Pickett, supra; Sykes v. Speer (Tex. Civ. App.) 112 S. W. 422; In re Presnall (D. C.) 167 Fed. 406; 13 R. C. L. 647.

The lower court found, from the facts and circumstances in evidence, that the

homestead had not been abandoned. We are unable to say this finding is against the clear weight of the evidence. On the contrary, we think the evidence in the record reasonably supports the finding.

It is also urged by the plaintiff in error that the court erred in refusing the request for special findings of facts and conclusions of law. It appears from the record that after the evidence was offered, and argument of counsel had been had, the court announced his views to the effect that the evidence failed to show the parties left the homestead with the intention of leaving it permanently, and his conclusion that the homestead had not been abandoned. Counsel for plaintiff in error then asked the court to make special findings of facts and conclusions of law, which was denied, because the request had not been made until after the court had announced his conclusion. This is urged as prejudicial error. Since there was but one question of law involved, we are unable to see how plaintiff in error was prejudiced by this action of the court. Section 5017, Rev. Laws 1910, provides:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, * * * unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial."

Here there was but one question involved. The court announced that he did not consider the testimony sufficient to prove an intention to abandon the homestead. The purpose of the statute is to enable the party to save his exception to the questions of law decided, where there might be a different conclusion depending upon the facts found. There was no controversy as to Ptachek having moved from the farm, acquiring a domicile in the nearby town and offering the farm for sale. The only question involved was whether this constituted an abandonment of the homestead. But, aside from this, the request came too late. A general finding of facts being conclusive against the losing party as to every fact in controversy he may not defer his request for a special finding until after taking his chance on winning, then by making the request have all the benefits that he might have received from a special finding. The statute clearly implies the request before the decision of the court is announced. The right is given either party to require the special finding "with the view of excepting to the decision of the court."

This is not in conflict with the cases cited by counsel for plaintiff in error. Smith v. Harrod, 29 Okla. 3, 115 Pac. 1015; Insurance Co. v. Taylor, 34 Okla. 186, 124 Pac. 974; McAlpin v. Hixon, 45 Okla. 376, 145 Pac. 386. The language of the statute was held in those cases to be mandatory, requiring the special findings; but in each case it appears the request was made before the court announced the findings and conclusions. When the request is not made until after the court has announced his general findings of facts and conclusions, the party will be deemed to have waived the right to have the special findings.

All the Justices concur, except HARDY and THACKER, JJ., who agree to the rules of law announced, but dissent from the conclusion reached by the application of the law to the facts, and Justice BRETT, being originally of counsel, not participating.