## BRATTAIN v. HITE.

No. 13111—Opinion Filed March 18, 1924.

(Syllabus.)

**1. Homestead — Abandonment — Intention —Proof.**

An abandonment of a homestead is accomplished, not merely by going away without any intention of returning at a particular time in the future, but by going away with the definite intention never to return; the intent of the owner leaving the homestead being the controlling fact, and is to be determined from all the circumstances surrounding the particular transaction.

**2. Same — Occupancy of Another House of Claimant.**

Leaving the homestead and occupancy of another house, owned by the homestead claimant, does not conclusively prove an abandonment of the homestead, but is to be considered with the other circumstances in determining the intent of the party.

Error from District Court, Grant County: J. W. Bird, Judge.

Action by Mable E. Brattain against Jennie Hite. Judgment for defendant, and plaintiff brings error. Affirmed.

E. H. Breeden, for plaintiff in error.

C. S. Ingersoll and W. H. C. Taylor, for defendant in error.

COCHRAN, J. This action was instituted by the plaintiff in error for the partition of certain real estate in Grant county. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant in error alleged that the land was the homestead of Thomas Hite and his family during his lifetime, and that upon the death of Thomas Hite, the defendant, as the surviving widow, had the right to continue to occupy the homestead, and that the property which the plaintiff sought to partition was such homestead and not subject to partition. The plaintiff denied that the property had been impressed with the homestead character, and also contended that if it had been impressed with the homestead character, the defendant had abandoned the same. Upon a trial of the case judgment was rendered for the defendant, from which the plaintiff has appealed.

The testimony discloses that Thomas Hite was the owner of 160 acres of land, and at

the time of his death the family residence was located on the west eighty. The barn and a granary were located on the east eighty. The entire 160 acres was used for farming purposes by Thomas Hite, and there is no question that the entire 160 acres was impressed with the homestead character. Sometime before his death, Thomas Hite deeded the west eighty acres of the land, on which the family residence was located, to the plaintiff, who is a daughter by his first wife, reserving the right to use and occupy the same during his lifetime. After the death of Thomas Hite, the defendant, who was his surviving widow, continued to reside in the family residence for about three months, un-til- she was requested to leave by the plaintiff. She attempted to rent the residence from the plaintiff, but being unable to do so, and also being unable to arrange for the building of a house on the east eighty acres, or for help to take care of the farm, the defendant moved to Pond Creek, where she lived and rented property for a while, and thereafter moved into a house in Pond Creek which she owned, and has continued to live there from that time until the day of trial. Since moving from the farm she has had a small house built on the east eighty acres of land and has had most of the land, which was in pasture during the lifetime of Thomas Hite, placed in cultivation and has farmed the same by a tenant to whom the place has been rented from year to year. The defendant testified that she did not want to leave the farm, but was compelled to do so because she could not rent the house from the plaintiff and was unable to procure the necessary help to look after the place. That she has rented the farm from year to year so that she can move on it at any time she wants to, and has always regarded and claimed the same as her homestead. She testified that she could not say whether she ever intended to return and live on the place: that she did not know what the future would bring forth, and whether she returned depended upon future conditions.

The plaintiff contends that this property does not constitute a homestead, because the defendant has never resided thereon and because there was no home upon it or in connection with it after the death of Thomas Hite. There is no merit in this contention, as the property was used and occupied as a part of the homestead of Thomas Hite during his lifetime, and having been impressed with the homestead character during his lifetime, the surviving widow had the right to use and occupy the same as a homestead until the same was abandoned by her. In Kerns v. Warden, 88 Okla. 297, 213 Pac. 70, it was said:

"The essential thing to constitute a quantity of land a rural homestead within the homestead law is that it shall be occupied and cultivated as one piece or parcel of land, on some part of which is located the residence, or, if created prior to actual occupancy, that the intention of the owner to occupy it as a homestead shall be made manifest by such acts as amount to reasonably sufficient notice of that intention."

In the instant case the entire 160 acres was used and occupied as a homestead and the family resided on a portion thereof, so the entire property was impressed with the homestead character during the lifetime of Thomas Hite. Under section 6328, Rev. Laws 1910, the surviving wife has the right to continue to occupy the homestead, and the fact that the 80 acres of land upon which the family residence was situated had been conveyed during the lifetime of Thomas Hite and the widow did not continue to reside thereon did not affect the homestead character of the east eighty acres. The sole question l for determination is whether the facts in this case showed an abandonment by the widow. This question should be determined according to the real intention of the widow and involves a question of fact, which in the instant case was determined in favor of the widow's homestead right. The contention of the plaintiff is based primarily upon the decisions of this court in Carter v. Pickett, 39 Okla. 144, 134 Pac. 440, and Russell v. Koller, 70 Oklahoma, 174 Pac. 560. The language used in Carter v. Pickett, and which was followed in Russell v. Koller, is as follows:

"Where the removal from the homestead is unaccompanied by a present intention, existing at the time of the removal, to return thereto, but instead by a mere probable future purpose to so do. dependent on a contingency which might never happen, the homestead exemption is thereby abandoned."

The plaintiff contends that. according to the undisputed evidence of the defendant. her removal from the homestead was unaccompanied by a present intention existing at the time of the removal to return to the homestead, but that the removal was accomplished by a probable future purpose to return dependent upon conditions which might never happen, and that her testimony shows an abandonment of the homestead, under the authorities above cited. The statement above quoted from Carter v. Pickett, supra, was modified in German State Bank of Elk City v. Ptachek. 67 Okla. 176, 169 Pac. 1094, in

which the following statement of law is contained in the syllabus:

"An abandonment of a homestead is accomplished not merely by going away without an intention of returning at a particular time in the future, but by going away with the definite intention never to return; the intent of the owner leaving the homestead being the controlling fact."

And in the body of the opinion, the court said, in referring to Carter v. Pickett:

"When the difference between the facts in that case and the instant case is taken into consideration, it readily appears the case is an authority against the contention of the plaintiff in error, rather than in support of it. The great weight of authority is to the effect, when a homestead character once attaches to property, it will continue to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with the intention, or forming an intention after leaving of not returning and occupying it as a home. In every case, abandonment is to be regarded all the circumstaances surrounding the particular transaction. The intent of the parties is the controlling fact, and the proof of abandonment must be clear and convincing in its nature. McCammon v. Jenkins, 44 Okla. 612, 145 Pac. 1163."

In Russell v. Koller, supra, a statement is made that the views therein expressed are not in conflict with the case of German State Bank v. Ptachek, and stating that that case approves the rule laid down in Carter v. Pickett.

We are unable to agree with this statement. All of the cases referred to state that the question of an abandonment of homestead is a question of fact, to be determined by the trial court, and the real intent of the homestead claimant controls; but in Carter v. Pickett and Russell v. Koller, according to the law stated in the syllabus in those cases, the removal from the homestead must be accompanied by a present intention to return to the homestead, whereas, in German State Bank v. Ptachek and McCommom v. Jenkins, the abandonment of the homestead is not accomplished by going away without the intention of returning; that is accomplished by the claimant going away with the intention never to return, or by forming an intention after leaving of not returning and occupying it as a home. In the instant case should the rule announced in Carter v. Pickett and Russell v. Koller be applied, the defendant abandoned the homestead, as she did not form an intention of returning at the time she left it, but her actions in that regard were contingent upon a future happening. If the rule

announced in German State Bank v. Ptachek and McCommon v. Jenkins is followed, the judgment of the trial court is not clearly against the weight of the evidence, as it does not appear that the claimant at the time of her removal had the intention of never returning or that she has formed that intention since that time. We are of the opinion that the rule announced in German State Bank v. Ptachek is the correct rule and supported by the great weight of authority.

It is contended that the evidence shows an abandonment of the homestead because the defendant acquired another homestead in Pond Creek, where she was living at the time this suit was filed and at the time of the trial. In German State Bank v. Ptachek, it was said:

"His removal and acquiring other premises occupied as a home would raise the presumption of abandonment in the absence of opposing evidence."

In the instant case the occupancy of the house in Pond Creek does not conclusively prove an abandonment of the farm as a homestead, in view of the evidence showing the circumstances under which the claimant left the farm and under which she has continued to live since that time. It is our opinion that the judgment of the trial court is sustained by sufficient evidence and should be affirmed, and it is so ordered.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.