## WHITE INVESTMENT CO. v. STUPART.

No. 20470. Opinion Filed Sept. 22, 1931.

Rehearing Denied Oct. 27, 1931.

M. R. Lively, for plaintiff in error.

C. J. Pinkston, for defendant in error.

CULLISON, J. Plaintiff in error, as plaintiff below, instituted suit against defendant in error, defendant below, to recover money due on a written contract and in connection with said suit attached certain real property located in Okmulgee county, Okla., because defendant was a nonresident of the state of Oklahoma.

Defendant filed her motion to discharge the attachment, and as grounds therefor alleged that the property attached was her homestead and exempt from attachment. Said matter was tried to the court and the court rendered its judgment sustaining the motion to discharge the attachment and ordered the attachment discharged. From said ruling of the court, plaintiff appealed.

The facts adduced at the trial on a motion to discharge the attachment discloses that defendant had been a resident of Henryetta, Okla., for many years, during which time she acquired the property in controversy. Her husband was a coal miner, and due to the lack of work at Henryetta in the coal mines, he secured employment at Harvey, Ill., at which place defendant was residing at the time the suit at bar was instituted and the attachment executed. Defendant lived in Harvey, Ill., one year prior to taking their household goods to Illinois. After being at Harvey, Ill., one year, they moved their household goods from Henryetta, Okla.

The husband of defendant died approximately one year prior to the date of the filing of the suit at bar, and sometime prior to his death he purchased a home at Harvey, Ill., in which the family resided. The evidence further disclosed that the defendant voted at Harvey, Ill., at the last election prior to the date the suit at bar was filed. When defendant's husband died she returned the body to Henryetta, Okla., for burial, and testified at the trial that she had never intended to abandon the home at Henryetta, but that it was the intention to return as soon as conditions in the mines were such that employment could be secured.

There was no doubt but that the property in question had the homestead right impressed upon it prior to the time defendant moved to Illinois, and the only question to be determined in this appeal is: "Whether or not there was a sufficient abandonment of the homestead so as to destroy the homestead character of the property."

Plaintiff in its brief presents 16 questions of error, but in its argument devotes all its time and space to the question that defendant had abandoned the homestead by going to Illinois, residing there, and voting.

In passing upon this case we are not decid-

ing the question as to whether or not the homestead in controversy exceeds the constitutional limit as to area and value. The question of homestead and the abandonment thereof has been before this court on numerous occasions.

In the case of German State Bank of Elk City v. Ptachek, 67 Okla. 176, 169 P. 1094, in a well-written opinion by Justice Owen, the court laid down the following rule:

"When a homestead character once attaches to land, it continues to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with the intention, or forming such an intention after leaving, of not returning and occupying it as a homestead. Temporary absence from a homestead does not constitute an abandonment thereof, where there exists a definite and fixed intention to return. Acquiring the title to premises, occupied as a domicile by the owner of the homestead and his family, in a nearby town, does not amount to such a permanent absence from the homestead as to work an abandonment thereof, so long as the intention to return to the homestead exists."

See, also, Brattain v. Hite 101 Okla. 174, 224 P. 501; Japp v. Sapulpa State Bank of Sapulpa, 90 Okla. 56, 215 P. 1059.

In the case of McCammon v. Jenkins, 44 Okla. 612, 145 P. 1163, Jenkins secured property in Guthrie, Okla., in the name of his wife, in which they lived for a number of years. Later, Jenkins moved to Sapulpa. After residing in Sapulpa for one year, he secured a notary's commission and later on became a candidate of his party for judge of the superior court in said county. He registered and voted in the general election of that year. Suit was brought against Jenkins and his wife, which suit brought into controversy the question as to whether or not their homestead in Guthrie had been abandoned, and in passing on that question the court held that the homestead had not been abandoned. This case is almost identical with that portion of the case at bar wherein defendant lived in the state of Illinois, and the holdings of the Oklahoma court are favorable to defendant.

In the German State Bank Case cited above, this court held that when a homestead character once attaches to land it continues until the owner voluntarily changes its character by disposing of the property, or by leaving with an intention not to return and occupy the homestead.

In the case at bar defendant claimed they had no intention of abandoning the homestead, but that they would return to and occupy it whenever possible. When husband of the defendant died, she returned his body to Henryetta for burial and buried it in the cemetery at that place. We think this a strong circumstance to show that there was no intention to abandon the property in Henryetta as their homestead, and that the defendant intended to return to Henryetta and live in said property as soon as conditions were such that she could return.

In accordance with the above cited authority, we have arrived at the conclusion, and so hold, that there is no reversible error shown by the record under consideration, and that the order of the trial court discharging the attachment should be sustained.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.