## BRUNHOEBER, Ex'r, v. DAVIS et al.

### No. 21729. Feb. 13, 1934.

Rehearing Denied March 13, 1934. Application to File Second Petition for Rehearing Denied March 20, 1934.

Maris & Maris, for plaintiff in error.

George W. Miller, for defendant in error Aetna Building & Loan Association.

Irby & Carver, for defendants in error Harry E. Davis, T. A. Smith, V. B. Guyer, and Claud A. Mitchell.

CULLISON, V. C. J. Chris Brunhoeber, executor of the will of John Mandeleir, deceased, as plaintiff, filed suit against Harry E. Davis and other defendants, seeking to subject certain real property located in Kay county, Okla., to a judgment lien held by plaintiff against defendant Davis.

Upon the trial of said cause the court found that the premises under consideration were the homestead of defendant Davis, not subject to said lien, and found against plaintiff relative to subjecting said property to plaintiff's lien.

Plaintiff appeals and urges two questions as grounds for the reversal of the decision of the trial court:

First, Davis and his wife never so occupied the property as to make it a home for the family and thus create a homestead right, and—

Second, even though this court found that said property was impressed as a homestead, their conduct constituted an abandonment thereof prior to November 12, 1928.

The evidence in said cause discloses that Davis and wife had established a homestead on the property under consideration some time prior to the date of judgment, so that when said judgment was rendered it did not become a lien upon Davis' homestead.

The trial court so found and there is competent evidence in the record sustaining the findings of the trial court.

As to what constitutes an abandonment of a homestead once acquired has been passed upon by this court in a number of cases, a very recent case being White Investment Co. v. Stupart, 152 Okla. 144, 4 P. (2d) 77. This case is almost identical with the case at bar, and in said decision the court discussed the various cases heretofore decided by this court relative to the abandonment of a homestead right. In the case of German State Bank of Elk City v. Ptachek, 67 Okla. 176, 169 P. 1094, this court held:

"When a homestead character once attaches to land, it continues to be the homestead until the owner voluntarily changes its character by disposing of the property, or by leaving with the intention, or forming such an intention after leaving, of not returning and occupying it as a homestead. Temporary absence from a homestead does not constitute an abandonment thereof, where there exists a definite and fixed intention to return. Acquiring the title to premises, occupied as a domicile by the owner of the homestead and his family, in a nearby town, does not amount to such a permanent absence from the homestead as to work an abandonment thereof, so long as the intention to return to the homestead exists."

The holding of this court in the White Investment Co. Case, supra, and the decisions quoted therein are conclusive of this appeal.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur.