**LANE et ux. v. AMIS BROTHERS et al.**

No. 22774. April 2, 1935.

Rehearing Denied April 23, 1935.

Goode, Dierker & Goode and Clyde L. Andrews, for plaintiffs in error.

Chas. E. Wells and Erwin & Erwin, for defendants in error.

OSBORN, V. C. J. This action was filed in the district court of Lincoln county by J. H. Lane and Nancy J. Lane, husband and wife, against Amis Brothers, a copartnership composed of O. D. Amis, W. T. Amis, and J. T. Amis. The petition recites that on March 19, 1927, the defendant recovered a judgment against plaintiffs, which judgment is pending and unpaid and the same constitutes a cloud on the title of the plaintiffs to their homestead. It is sought to have the property involved to be declared a homestead, and the title thereof quieted against the claims of the defendants under the judgment.

The facts are that on November 10, 1902, plaintiffs purchased the southeast quarter of section 31, township 12 north, range 4 east, in Lincoln county, and lived thereon until 1926, at which time they moved from the premises to Meeker, Okla., a short distance

594

from the property in question. On February 2, 1928, they transferred to one O. C. Cowden 120 acres of said land and also an undivided one-eighth interest in the oil and gas and minerals under the remaining 40 acres, which latter tract is the subject of this controversy.

The contentions of plaintiffs were sustained as to that portion of the land conveyed to Cowden, but the trial court held against them on the 40 acres involved, from which judgment they have appealed.

There is but one question presented herein and that is whether or not plaintiffs abandoned said property as a homestead. Plaintiff, J. H. Lane, testified that he purchased the land in 1902 and lived with his wife and family on said land continuously until February, 1926. At that time he and his wife moved to the home of his daughter at Meeker for the reason that his wife was sick and was also suffering from injuries received in a car accident; that it was necessary to move to town in order that the daughter might care for the wife so that he could go backwards and forwards from town and attend to his duties on the farm; that the land was mortgaged and in February, 1928, he made a deal with Mr. Cowden whereby he transferred to Cowden 120 acres of the land and one-eighth of the minerals in the remaining 40 acres; that Cowden assumed the mortgage debt and transferred to plaintiffs a house and some lots in Meeker; that plaintiffs moved to the Meeker property and continued to live there; that he continued to farm the 40 acres and kept his stock there; that he intended to move back to the 40 acres whenever his wife was able to go back; that the only way he had of making a living was off of the place; that the property in Meeker was in his wife's name; that she would not consent to the transfer unless the property was placed in her name; that there were no improvements on the 40-acre tract, but that it was his intention to place improvements thereon whenever he moved back to it.

His testimony was corroborated by the testimony of Nancy J. Lane, his wife. She also testified that whenever her physical condition would permit they intended to move back to the farm.

In the case of White Investment Co. v. Stupart, 152 Okla. 144, 4 P. (2d) 77, it is said:

" 'When a homestead character once attaches to land, it continues to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with the intention, or forming such an intention after leaving, of not returning and occupying it as a homestead. Temporary absence from a homestead does not constitute an abandonment thereof, where there exists a definite and fixed intention to return. Acquiring the title to premises, occupied as a domicile by the owner of the homestead and his family, in a nearby town, does not amount to such a permanent absence from the homestead as to work an abandonment thereof, so long as the intention to return to the homestead exists.' German State Bank of Elk City v. Ptachek, 67 Okla. 176, 169 P. 1094.

" 'An abandonment of a homestead is accomplished, not merely by going away without an intention of returning at a particular time in the future, but by going away with the definite intention never to return; the intent of the owner leaving the homestead being the controlling fact.' German State Bank v. Ptachek, 67 Okla. 176, 169 P. 1094.

" 'Whether a homestead has been abandoned is a question of fact, ascertainable from the circumstances surrounding the particular transaction, and such abandonment must be established by clear and convincing evidence.' Id."

In the case of McCammon v. Jenkins et al., 44 Okla. 612, 145 P. 1163, it is said:

"A homestead cannot be abandoned without a going away from it with the definite intention never to return.

"An intent never to return if and upon the condition that the occupants going away can realize their desires and expectations elsewhere, and thereupon sell their homestead, is not sufficient to constitute an abandonment of such homestead.

"Abandonment of a homestead is a question of fact in which the intent of the parties in leaving it is controlling.

"Abandonment of a homestead must be established by the most clear, conclusive, and undeniable evidence."

See, also, Brunhoeber v. Davis, 167 Okla. 484, 30 P. (2d) 669; Brattain v. Hite, 101 Okla. 174, 224 P. 501; Japp v. Sapulpa State Bank, 90 Okla. 56, 215 P. 1059; Fletcher v. Popejoy, 87 Okla. 185, 209 P. 746; First National Bank v. Coates, 65 Okla. 94, 163 P. 714; Carter v. Pickett, 39 Okla. 144, 134 P. 440.

In the instant case it is undisputed that the homestead character had attached to the land. Therefore, in order to constitute an abandonment thereof it must be shown that plaintiffs left with a fixed determination never to return or that such intention was formed at some time after they had

moved from the premises. The burden is upon defendants to prove such abandonment by clear, cogent, and convincing evidence. The record shows that defendants wholly failed to sustain such burden of proof. On the contrary, it is evident that at no time after the removal from said premises was there ever a fixed or definite intention of the parties never to return. No testimony was offered which would in any manner tend to contradict the evidence of plaintiff to the effect that they did have a fixed and definite intention to return to the property at such time as the health of the wife would permit. The evidence is undisputed that the 40-acre farm constituted the only means of livelihood of plaintiffs; that the plaintiff has operated and farmed the land since the time they moved to Meeker.

We have carefully examined the authorities cited by defendant and note that the facts in said cases are clearly distinguishable from the facts presented herein.

The judgment of the trial court is contrary to the evidence.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of plaintiffs as prayed for in their petition.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. RILEY, J., dissents. GIBSON, J., not participating.