570

BROWN et ux. v. TURNER et al.

No. 33103. June 28, 1949.

*207 P. 2d 927.*

A. C. Elliott and F. E. Riddle, both of Tulsa, for plaintiffs in error.

Dyer & Powers, of Tulsa, and W. A. Barnett, of Okmulgee, for defendants in error.

ARNOLD, V. C. J. On the 31st day of July, 1944, Arthur Turner, Joella Crenshaw and Chrisella Graham, defendants herein, obtained a judgment, in the sum of $33,382.36, against Jesse C. Brown, plaintiff herein, in the district court of Okmulgee county, Okla. Thereafter the judgment was filed and recorded on the judgment docket of the district court of Tulsa county. On the 4th day of October, 1946, defendants had an execution issued and levied upon lots 23 and 24 in block 6, Northside addition to the city of Tulsa, to satisfy the judgment. Thereafter, and on the 26th day of October, 1946, plaintiff herein, Jesse C. Brown, brought an action against the above-named parties and the sheriff of Tulsa county to enjoin the sale of the premises to remove the judgment lien as a cloud upon his title and to quiet title in him. The action is predicated on the theory that the premises levied upon constituted the homestead of plaintiff and that the judgment upon which execution had been issued had been discharged in bankruptcy.

Subsequent to the institution of the action and prior to judgment, Arthur Turner died and the prosecution of the action was thereafter continued in the name of Iva Lee Turner, administratrix of his estate.

Defendants in their answer, in effect, conceded that the premises upon which the execution was levied had been impressed with homestead character, but alleged that plaintiff had abandoned the premises as a homestead and had established residence and place of business in Okmulgee, Okla. It is also conceded by defendants that Jesse C. Brown, after the rendition of the judgment, filed a petition in bankruptcy; that he was adjudicated a bankrupt; that the judgment herein was listed and scheduled as an indebtedness against the estate, and that plaintiff thereafter obtained a discharge from all provable debts and all such debts as were properly dischargeable in bankruptcy. They, however, assert and plead that the judgment is based upon fraud, misappropriation and defalcation of plaintiff while acting in a fidu-

ciary capacity, and is therefore not such a debt as is dischargeable in bankruptcy. The trial court sustained defendants on both issues and denied plaintiff's application for an injunction. Plaintiff asserts that the judgment is not sustained by the evidence but is clearly against the weight thereof and is contrary to law.

The evidence discloses that the premises levied upon consist of less than a quarter acre in area; that there was erected thereon a rooming house consisting of seventeen rooms. It is not, however, pleaded or urged as a defense by defendants that the value of the premises, together with the building erected thereon, exceeded the sum of $5,000. The evidence shows that plaintiff acquired the property some time in the year 1927; that he was a married man and the head of a family; that he set aside, equipped and furnished several rooms in the building consisting of bedrooms, a living room, dining room and kitchen, for living quarters and for the purpose of making the same the home and place of residence of himself and family. The remaining space in the building was used and occupied by him in the maintenance of a funeral home and undertaking business. In 1928 he moved his family consisting of his wife, Cora Brown, and three minor children into these rooms where they lived and occupied the same as their homestead and residence until the 25th day of February, 1936, at which time plaintiff obtained a divorce from Cora Brown; that thereafter Cora Brown moved to Chicago. Plaintiff, however, together with his sister and minor children, continued occupying the rooms in the building as their home until sometime in 1937 when he disposed of his business in Tulsa, moved to Okmulgee and the children were sent to Chicago where they afterwards lived with their mother.

The evidence conclusively shows that the premises involved constituted the homestead of plaintiff from 1928 until 1937, the date upon which he moved from the premises and went to Okmulgee.

It is well established that when the homestead character once attaches to land it continues to be the homestead until the owner voluntarily changes its character by disposing of the property, or by leaving without intention, or forming such intention after leaving, of not returning and occupying it as a homestead. Temporary absence from the homestead does not constitute an abandonment thereof where there exists a definite fixed intention to return. White Inv. Co. v. Stupart, 152 Okla. 144, 4 P. 2d 77; Russell v. Key, 195 Okla. 49, 155 P. 2d 238; Cooper v. Kiester, 199 Okla. 238, 185 P. 2d 458. Since the evidence shows that the homestead character had once attached to the land and had constituted the homestead of plaintiff, the burden was on defendants to show that he had abandoned the same as a homestead and that when he left the premises and moved to Okmulgee he did so with the intention of not returning to Tulsa and again occupying the premises as a homestead. The trial court found that defendant sustained this burden and found that plaintiff had abandoned the premises as a homestead. Is the finding of the trial court in this respect clearly against the weight of the evidence? The evidence shows without dispute that after the plaintiff removed from the building in 1937 he placed in charge of the premises Charlotte Harris who managed the same and collected the rents; that he remodeled the space and rooms set apart by him as living quarters and converted that space into smaller rooms for the purpose of renting them and that such space was thereafter rented to roomers. The evidence is also conclusive that in 1937, after plaintiff closed his undertaking business in the city of Tulsa, he went to Okmulgee and established a like business and that he actually lived and resided there ever since; that he is now conducting an undertaking business in said city and is personally looking after and managing the business. It is also shown

that he remarried in 1943 and that he and his wife rented a residence at 607 East Fifth street, Okmulgee, where they now reside.

Plaintiff testified that when he closed out his business in Tulsa and moved to Okmulgee he did so with the intention of eventually returning to Tulsa. In this respect, however, he specifically testified the reason he went to Okmulgee was to open up a business; that he and his wife had some trouble; that he thought it would be better for him to go to Okmulgee and open a business because he felt he would do better; that it was his purpose in moving to make some money to meet his obligations and taxes in Tulsa to get things straightened out; that was the only purpose for his moving; that he intended to come back to Tulsa when he got things straightened out; that if he got things straightened out he would come back to Tulsa. In all his testimony as to his intention to return to Tulsa he does not testify that he ever again intended to move into and occupy his former quarters in the building as his home. The evidence taken as a whole fails to show that at the time plaintiff left and abandoned his rooms as a home in Tulsa and moved to Okmulgee that his purpose in moving was only temporary and that he then had a definite and fixed intention to return to Tulsa and again occupy the rooms in the building as his home. His purpose as expressed in his testimony in leaving Tulsa and moving to Okmulgee was in the hope that he might there establish a business and make money sufficient to discharge his debts and obligations and straighten out his affairs in Tulsa; that if and when he succeeded in accomplishing this purpose he intended to return to Tulsa. It will therefore be seen that plaintiff had no fixed and definite intention at the time he left Tulsa to return, but that his intention to return was based upon the contingency that he make sufficient money out of his business at Okmulgee to straighten out his affairs in Tulsa, which contingency has not yet occurred and which may never happen.

In a case of purely equitable cognizance, this court on appeal will review and weigh the evidence but will not reverse the judgment unless it can be said that it is clearly against the weight thereof. The judgment of the trial court holding that the property in question had been abandoned as a homestead is not clearly against the weight of the evidence.

The trial court also ruled correctly in holding that the judgment herein was based on a claim or debt not dischargeable in bankruptcy. The evidence shows that defendant Arthur Turner was a brother and that the other defendants herein were sisters of the plaintiff, Jesse C. Brown; that they each had inherited a certain interest in lands located in Seminole county which afterwards became valuable for oil and gas purposes. Upon the suggestion of plaintiff these defendants executed to him mineral deeds in trust under the agreement that said Jesse Brown should hold such interest in trust for them, procure oil leases thereon, collect all rentals and royalties in case of production and distribute to them their respective share; that plaintiff did lease the same for oil and gas purposes and oil was produced therefrom. Plaintiff collected all the royalties, failed to distribute to defendants their share thereof, and converted the entire proceeds to his own use and benefit. These defendants in error, as plaintiffs, filed suit against plaintiff in error in the district court of Okmulgee county alleging such state of facts and asked for an accounting. The trial court found the issues in favor of plaintiffs in that action, and specifically found the facts as herein detailed to be true and entered judgment in that action against Jesse C. Brown. Joella Crenshaw in the instant case also testified to the above state of facts. These facts have not been disputed or denied by Brown.

Under the Bankruptcy Act, Title 11, U.S.C.A. § 35, one is not discharged

from liabilities for obtaining money or property by false pretense or false representation, or those created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity.

Since the evidence conclusively shows that the claim upon which the judgment was based was created by the fraud and defalcation of plaintiff while acting in a fiduciary capacity, the trial court correctly held that the judgment was not discharged by the bankruptcy proceeding.

There is also presented in this appeal error of the trial court in refusing to discharge the receiver and in requiring plaintiff to execute an increased supersedeas bond. It appears that upon overruling the motion for new trial the court ordered that judgment be superseded upon the execution by plaintiff of a supersedeas bond in the sum of $3,000. The bond was given. Thereafter plaintiffs made application to increase the amount of the bond to $7,000, and for appointment of receiver. Evidence was taken in support of the application showing the value of the property and its rental value. The application was granted and the bond ordered increased to the sum of $7,000, and it was further ordered that in the event the increased bond was not furnished a receiver would be placed in charge of the property to collect and impound the rents received therefrom pending the appeal. The increased bond was not given by plaintiff and a receiver was thereafter appointed and placed in charge pending the appeal.

Plaintiff in error asserts that the court exceeded its power or at least abused its discretion in requiring plaintiff to give an increased supersedeas bond and upon his failure so to do appointing a receiver. We fail to see how plaintiff was in any wise injured or harmed by the appointment of a receiver. Under the record herein the original bond furnished was clearly inadequate to protect the rights of defendants pending appeal. The court,

therefore, undoubtedly had the power to require the execution of an additional or increased supersedeas bond and upon the failure of plaintiff to comply with such order to vacate and set aside the supersedeas. Venator, Court Clerk, v. Edwards, 126 Okla. 296, 259 P. 596; Inter-Ocean Oil Co. et al. v. Marshall, 164 Okla. 134, 23 P. 2d 151.

Plaintiff declined to furnish the increased supersedeas bond. The court then in lieu of vacating the supersedeas, so as to authorize the immediate sale of the property under execution, placed a receiver in charge and thus indirectly kept the supersedeas in force pending the appeal.

Under this state of the record, we see no occasion for interfering with the order of the trial court in this respect.

Judgment affirmed.