## FIRST NAT. BANK OF SENTINEL v. ANDERSON et al.

No. 34084. Jan. 29, 1952.

Rehearing Denied Feb. 19, 1952.

*240 P. 2d 1066.*

Ash & Bailey, Cordell, for plaintiff in error.

Carder & Carder, Hobart, and Jones & Wesner, Cordell, for defendants in error.

DAVISON, J. This appeal involves a controversy between the First National Bank of Sentinel and Ida and J. C. Anderson, Jr., all defendants in a parti-

tion action brought in the district court of Washita county, Oklahoma.

In 1935, the First National Bank of Sentinel, Oklahoma, plaintiff in error herein, recovered a judgment against Ida Anderson and J. C. Anderson, Jr., defendants in error herein, in the amount of $2,129.49, which was still in full force and effect and unsatisfied at the time of this action.

By inheritance from her mother, Ida Anderson acquired an undivided one-eight interest in 320 acres of land situated in Washita county and described as follows:

"Southeast Quarter of Section Eleven, Township Eight North, Range Nineteen West, I.M.

"North Half of Southeast Quarter and South Half of the Northeast Quarter of Section Thirty-five, Township Nine North, Range Nineteen West, I. M."

At all times subsequent to the acquisition of that interest, she and her husband have resided on the 160 acres in section 11, claiming their interest in the entire inheritance as a homestead.

In May, 1948, N. B. Elam and others brought the action out of which this controversy grows, to quiet title in and partition the above described lands, naming the parties to this appeal as parties defendants, among numerous other persons. In its answer and cross-petition the First National Bank of Sentinel attempted to establish as a lien upon the interest of Ida Anderson, its judgment, which together with attorney's fees and interest computed to June 15, 1948, amounted to the sum of $5,260.65. The court found that N. B. Elam was the owner of an undivided five-eighths interest and that A. L. Elam, Nora Taylor, and Ida Anderson were each owners of an undivided one-eighth interest in the lands and quieted their title therein. Except as to an undivided one-half interest in the minerals, reserved by the journal entry of judgment upon agreement of the parties, the property was ordered sold and

the proceeds distributed in partition. From the finding by the court that the undivided one-eighth interest of Ida Anderson and J. C. Anderson, Jr., was their homestead, that the judgment in favor of the First National Bank of Sentinel was not a lien against such interest, and that the proceeds of the sale of the property were exempt from the lien of the judgment, the First National Bank of Sentinel has perfected this appeal.

The issues between the parties herein were tried upon stipulation of fact. Therein it was admitted that the judgment did not constitute a lien against the undivided interest of the defendants in error in and to the property located in section 11, and that the only question for the court to determine was whether or not the judgment was a lien against the undivided interest of the defendants in error in and to the property in section 35, and the mineral rights reserved or the proceeds of the sale of their interest in the partition action.

It was further stipulated that Ida Anderson and J. C. Anderson, Jr., have at all times, since the death of her mother, resided upon and farmed the 160 acres of land in section 11, paying rent to the other cotenants in proportion to the interest owned by each; that the 160 acres of land in question had been cultivated and operated as a farm by N. B. Elam who had paid rent to the other cotenants, one of whom was Ida Anderson; that the one-eighth undivided interest in the above-described tracts of land together with the mineral interest was the only real estate owned by Ida Anderson and J. C. Anderson, Jr., that the partition thereof was, as to them, an involuntary conversion of the real estate into money; and that it was their intention to invest, within a reasonable time, the entire proceeds of the sale together with any amount which might be received from the sale of the undivided one-sixteenth mineral interest, in another homestead.

For reversal the plaintiff in error urges four assignments of error, presented under two propositions, which will be discussed in the order presented. The first proposition is that the one-eighth undivided interest of Ida Anderson, in the 160 acres of land located in section 35, was never impressed with homestead character, and was, therefore, subject to the judgment lien of plaintiff in error.

We cannot agree with this contention. Section 1, art. 12, Constitution of Oklahoma, provides that a rural homestead "shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner." Section 2 of Title 31, O.S. 1941, provides:

"The homestead of any family in this State, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. . . And Provided, Further, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

This court has repeatedly held that these provisions are to be liberally construed in the interest of the family home. Cooper v. Kiester, 199 Okla. 238, 185 P. 2d 459.

In the case of Atlas Supply Co. v. Blake, 51 Okla. 778, 152 P. 601, this court held that:

"A tenant in common may have a homestead, and is entitled to a homestead exemption, in lands held in common."

This rule has been reiterated in numerous cases. See Lehman v. Tucker, 176 Okla. 286, 55 P. 2d 62, and the cases therein cited. In the case of Hein v. Wahl, 170 Okla. 402, 40 P. 2d 683, this rule was applied to a situation very similar to the facts in the case at bar. Therein the defendant inherited an undivided one-eighteenth interest in some 1,100 acres of land in several sections, and was occupying one quarter section as his homestead, paying rent on the portion he farmed and receiving one-

eighteenth of the rents on the entire acreage. This court affirmed the action of the trial court in sustaining defendant's motion to quash execution upon defendant's undivided one-eighteenth interest.

The Hein case, supra, is decisive of the question raised by plaintiff in error's first proposition, and therefore no error was committed by the trial court in holding that the undivided one-eighth interest of Ida Anderson and J. C. Anderson, Jr., in the 320 acres of land was their homestead and not subject to the judgment lien.

The second proposition urged by the plaintiff in error is that the one-eighth interest in the one-half undivided interest of the mineral rights, reserved by Ida Anderson from the partition sale of the 160 acres of land in section 11, became upon its severance from the surface rights, subject to the judgment lien of plaintiff in error. This raises a question of whether or not severance of the mineral interest from the surface by agreed judgment among the owners, wherein an undivided one-half interest in the oil, gas and other minerals was reserved to the owners from the partition sale of the land, constituted an abandonment of the homestead as applied to that mineral interest. We think that it did not. It should be kept in mind that we are here dealing with a constitutional homestead as distinguished from a probate homestead. The constitutional homestead is the land itself which is occupied by the family as a home. In re Carother's Estate, 196 Okla. 640, 167 P. 2d 899. Oil and gas in place is an interest in land, Hudson v. Smith, 171 Okla. 79, 41 P. 2d 861, therefore, the homestead character attaching to the land also attached to the unsevered interest in the oil and gas in place thereunder.

This court has repeatedly held that when the homestead character once attaches to land it continues to be the homestead until the owner voluntarily changes its character, by disposing of the property, or by leaving with intention, or forming such intention after leaving, of not returning and occupying it as a homestead. It is also well established that abandonment of a homestead must be established by clear, convincing, and conclusive proof. Lane v. Amis Bros., 171 Okla. 593, 43 P. 2d 73. The last-cited case involved a situation where a homestead was established upon 160 acres and later the homestead claimants sold 120 acres and one-eighth of the minerals under the remaining unimproved 40 acres. This court, in applying the above rules, came to the conclusion that there had been no abandonment of the homestead as applied to the remaining 40 acres. In the case at bar, Ida Anderson and J. C. Anderson, Jr., established a homestead in an undivided one-eighth interest in 320 acres. That homestead extended to both the surface and the minerals in place. By a sale in partition, their undivided interest in the surface and one-half of the minerals was sold. The sale in partition was involuntary, as to them. Ida Anderson and her husband had not parted with title to their interest in the remaining one-half undivided interest in the minerals, reserved from the partition sale. In the Lane case, supra, the court found that there was an intention to improve and reoccupy the 40-acre tract. In the case at bar, the homestead claimants cannot return and occupy their mineral interest as a homestead, but it was stipulated that the proceeds from a sale of this mineral interest would be invested in another homestead. In the case of Field v. Goat, 70 Okla. 113, 173 P. 364, 1 A.L.R. 478, the following rule was stated:

"The exemption of the homestead of the family, provided in article 12 of the Constitution, extends to the proceeds of a voluntary sale of such homestead which are in good faith intended, at the time of such sale, to be invested in another homestead, and such proceeds are exempt from seizure by process of garnishment for debts not within the exceptions provided in article 12 of the Constitution."

Under the facts presented here, an abandonment of the homestead has not

been clearly, convincingly and conclusively established, either as to the proceeds from the surface and mineral interest sold in partition or as to the remaining unsold mineral interest.

The judgment is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.